*187' ^ . -Opinion op the Court, bV
Judue Mills?" ,, •
John Arnold and John M’Campbell William Brya'n 344 acres ofland, in partnership,-to be divided equally, and a division line, dividing the trac-t 'into .two equal parts, was run. M’Gampbelf sold !Q0 acres thereof to John Montgomery, and gave his bond for the conveyance thereof, and Montgomery-took session of the land, and afterwards sold add assigned -the bond to James Samuel, who sold and assigned the1 bond,- and it passed through some two or three other hands, and then Samuel regained it, by purchasing ¡it back; and he then filed this bill against Arnold, alleging that Arnold had, by some address, procured a conveyance to himself from Bryan, and had then -sold, and conveyed the said 100 acres to Benjamin Farmer, who had full knowledge and notice of his equity. He-made Farmer, Arnold and M’Campbell, defendants, and ed .a conveyance of the land, or if the land .could not be obtained, the value thereof, either from .Arnold or Farmer. . ' f* 1 .
- Arnold answered, admitting the joint purchase, and 'the-division by survey of the land; but denies that-hie knows anything of the complainant’s claim, derived -through Montgomery from M’Campbell. -He insists that M’Campbéil wholly failed in paying up any part of-the money to Bryan; that he, Arnold, paid his part, an‘d then a settlement took place, in which Bryan took anew band for M’Campbell’s part,, with Arnold as security, asjd then M’Campbell also failed in paying that boñd, until Bryan assigned it away; and the assignee ,-brought suit and'recovered judgment; and then an ex-'UCution thereon was levied on M’Campbell’s share of the -"land, and it was sold, and he-, Arnold, became the purchaser and paid the money; that he had'given notice ilwM’Campbell and those who claimed/under him,; but noSjpgft.them would pay the money; and- alleges that-befwejhis, he'had. obtainedfhe whole-title from -Bryan, as he had, a right ‘to do, and had sold the land; to Farmer.
A summary the practice on thfs^sub-ject.
Our commissioners ought not to exer-greater0au-°r thority than the master, chancery m England or New- Vork, can legally exercise.
may lawfully land cases. What authority he
cepted to, it ed correct.”" As far as a commissioner’s report was not ex-
anVrcferring fo the deei-A decree deemed erroneous, as being uncertain, not finally deciding the cause, sion of the clerk, matters which ought to have been decided by the court.
*188Farmeriblsoianswfred, denying any knowledge .of any .previous tr^'^actiio^is between Bryan, 4tep;c>ld and •bell, or " of any claim, derived from "%’Catnp> or M’Campbell, bell, held'-by the complainant; admits bis purchase and conveyance from Arnold, of a tract of land, and denies that he'had any knowledge, at the time of his purchase, that tlje complainant Held any equity in the land, ex-,, cépt that he had heard that the complainant once hafd, to have, some claim thereto,
M’Campbell made no answer. The circuit court decreed that Farmer should convey the laud, after direc^nS an Account to be taken of the money which Arnold had paid, and of improvements and rents and profits, the latter of which exceeded the former. The decree was conditional, upon the complainant’s tendering or Pa-Fno ihe excess which Arnold had paid to Bryan, before the conveyance was made. No decree was render-touching the rents and profits or improvements, From this decree Arnold and Fanner have appealed to this court.
Itis insisted in the answers, and is now contended m this court, that the bill is defective, in not expressly that M’Campbell had made his part of the paymen£ t0 Bryan, and therefore it shows no equity op its face. t
It will be readily admitted, that in a bill claiming the specific performance of a contract, it is n.ecessary that the complainant should show, in his bill, that he had done all that was incumbent upon him to do, or to set forth some valid excuse for not having done it. And if this was a bill of that character, we should deem'the allegation of payment indispensable; but this is not a bill of the kind. The bill charges a purchase in partnership, and is not claiming against Bryan the benefit of that purchase, but shows that Bryan has conveyed, The title of M’Campbell, as against Arnold, did not de-Peu^ so much on his payment, as on the joint purchase. Arnold, by paying more money than M’Campbell, could not increase his interest in the land. Although such excessive payment might give him a cause of action for the money, yet it could not take the.land from M’Campbell, unless express contract should so increase his interest, which is not pretended. Arnold, thenj¡! on acquiring the title from Bryan, mush be considered as holding it as a trustee for M’Campbell, as to his moiety, *189.e&d notas a yender ta.lVf Campbell, in,wbjch relation Bt-yan sto|£t • All, then, that' Arnotó&ould expect, was, tháMEpyéhanpeilíOr would climpe"lOTl!Ca%r>pb^l'l, or bis vend?fe$8tf do justice, before he receiyed it, by pay- . in^.whatf' mpney- was paid by Arnpld.fo.r M’CaippbelL It was competent,,then, for Arnold to^sbow'thdt be had ¥gaid this excess;; but it.was not necessary for M’Camp-bdñ or his vendee to allege that he,;v>M’Campbell, had paid his full prQportion;, for thSfadtof equal partnership, and not the fact ofequalpayment, gave M’Campbell his equity against Arnold or his vendee.
A decree ,au. thovising -the clerk to issue an habere facial posses-" sionem, on-the production to him. of a receipt for money de-' creed to be paid before the land is recovered, is erroneous, in referring the genuineness and validity dft-he receipt to the clerk.
A decree directing a tender' to be made in notes on the Bank of the Commonwealth, and in case they should be refysed* other measures to be taken by the person tendering them, is erroneous, in making the party '' a judge of the facts of tender and refusal, and the . legality "'of those acts.
It is -also insisted; that the proof is wholly insufficient to authorise relief against Farmer, especially as he requires full proof of every thing, in this, we also disagree with' the appellants’ counsel. Bryefft proves the partnership purchase, and sundry payments, by M’Campbell, and the execution of the joint note for the last payment, and the conveyance to Arnold of the whole, which conveyance is also filed. It is also shown, by at least two witnesses, that Farmer was informed of the true stale of the case, before he purchased. He, then, can stand in no better situation than Arnold.
We attach no importance to the sale under execution and-purchase by Arnold; for how Arnold, under apex-eculion against himself and M’Campbell, could becqme the purchaser of a title in himself, so as to extinguish the title of M’Campbell, is what we do not understand. His purchase, then, is no more than a bare payment, the singular and solemn formality of the sheriffs sale notwithstanding.
■It is further contended, that the bill is defective, in pot pointing out the division line between M’Campbell and Arnold, and particularly the boundaries of the bo.nd -for a less quantity than M’Campbell’s mqie.ty, given by M’Qatnpbell to Montgomery, and set up by the complainant. This bond requires the obligor to convey the’land, to wit, the 100 acres, as laid off or surveyed by James F. Mitchell. It is. true, the bill does not describe how the partition line was ru.n originally between M’Campbell and Arnold, or set forth the bourn dañes of the 100 acres demarked by Mitchell. Nor do thessjmalters appear to be ’inserted in the pleadings of eilhá^arty, anil, as far as appears,, that matter is stirred fót> the, first time in this court. That court- appointed a-commissioner to ascertain the boundaries,of, *190and fix the position of the respective tracts, who report-ecj these boundaries vrith a survey. And 'a||houeh that report was excepted to, yet no exception complained that the land was wrongfully located by thefcommissioner, which might,.easily have been done, if the factdjad keen so* then, the court could ascertain this matter by a commissioner, his report ought to have been excepted to, if erroneous in this particular, before'it can ^ere set aside. In other countries where courts °f chancery exist, a master is,appointed permanently by government, to whom is committed Ahe matters which cannot be performed by the chancellor, without great *oss °f time. In the state of Virginia, anterior to our separation, and in this state since, the practice has been, to appoint a corrgnissioner pro hme vice, under an act of 1788, (1 Dig. L. K. 228,) provides, that “ it shall be lawful for the high court of chancery, in such cases as may require a report, which cannot be Per¡f°rme^ ky the court, without great delay to other business, to employ one or more commissioners, and cause a reasonable allowance to be taxed in the bill of costs.” Whether the commissioner or commissioners 80 appointed can do any other than ministerial acts, and how far they may be authorised to hear and determine 0n evidence, as they have only a temporary appointment, is a question of some moment, never settled in the practice of this country; nor will it be necessary to settle it now, further than to enquire whether the acts ^one ky the present commissioner could be delegated to him, and were such as he might-'perform under the appointment. We discover that courts of chancery in ^'country have been in the habit of confiding to such commissioners large powers. Sometimes they are appointed without any testimony showing any thing- to. re^er) an^ without any previous decision on questions of or equity, to-guide the commissioner appointed, They are then to collect the proof and report an opinion Up0n jt5 and of course measurably to occupy the place Rle chancellor. This is going,further than the English chancery; for the rules of that court, as collected by Chancellor Kent, of New-York, in the case of Remsen, &c. vs. Remsen, &c. 2 John. Chan Rep. 495, are more restricted. Some of these will be recited. -
A decree pert^aftefhav-ing amade such tender, aifV^l btfS execute a° bond payable inthe curren-Union * within two years, is erroneous, grounds Stated, and for the addition-such3bond'1 aí being neither arecogni-zance nora boncl^coukl not be collec-led without a new suit.
The substance of a pronounced'2'3 by the inferí- or court, giv-of no fmaH 6 difficulty.
der^vendee of lands have their mutual liens, the for-purchase money due, the latter for paid2 'in case it is to be restored to him.
- u That the parties should make their proofs as full? before the hearing in court, as the feature of the case *191Íuises or admits of, id the end that the supplementa- - - - -- - - ¿V'proofsAefege the commissioner, may he as limited as the righ'f^^» responsibilities of the parties will admit. _. á '
2,; That orders of reference should specify the principles.on which,the accounts are to be' tá|¡:en, or the in-"qqiyy proceed as far as ,the court shall have decided ÍMreon, and that the examination^'before the master should be limited to such matters, within the limits ej£-. the,order, as the principles of the decree or order may Sender necessary.
3. That no witness in chief, examined before publication, nor the parties, ought to be examined before the master, (or commissioner,) without an order for that purpose, which order usually specifies the^subject and the extent of the examination; and a similar order seems to be requisite, where a witness once examined, is sought again to be examined before the master, on the same matter.
These regulations seem to limit the powers confided í-o a master or commissioner, more than the present practice; and we would here observe, that the authorii ty delegated to one temporary commissioner, ought not to be extended beyond that of the regular master in England orNew-York. It is, however, correct to refer matters of detail, such as can be ascertained by quantity and calculation, and also to fix and ascertain boundary, for which purpose surveyors, in our landed controversies, are substituted; and, indeed, any matter which results from the matters in contest, and to the ascertainment of which the attention of the parties has not been directed by the pleadings. Such, peculiarly, was the case with the boundary and local situation of the land now in contest. The stress of the controversy appears to have rested on the existence of any equity in the plaintiff, instead of what was the proper situation to place it. It could not, therefore, be exceeding what might properly be committed to a commissioner, to .direct him to ascertain the proper position of the land,, after the court had determined that the plaintiff wa^eUtitled. If in this the commissioné|. erred, his acts were subject to .revision, upon proper ’exception, •wherrdh.e error could have been corrected.
We. have been thus particular.in' reply, to th% point, because the report of-the commissi o né-r w.qs ¡excepted *192io in,other respects, and the exceptions overruled, and the decision of this first point .we deem ah misvyer t,o al! ibe exceptions taken. ',
The same commissioner was directed*tows6ertain the excess of money paid by Arnold beyond his part, and also the quantity of land which would belong to M’Campbell, m the division, after the 100 acres were deducted. The commissioner reported the quantity of 7’2 acres, beyond the 100, and that the only balance paid by Arnold for M’Campbcll, was the sum due by the execution of Bryan’s assignee against Arnold and M’Campbell. A proportion of this sum, equal to what 100 acres would require, out of the 172, was decreed to be paid by the complainant, before he received the conveyance/'
It is contended that M’Campbell ought to have been charged with his full moiety; and then, that so much of that moiety ought to have been decreed to be paid, before conveyance, as would pay for the entire 100 acres, and that the decree of the court gave too small a sum, This exception we deem untenable. It is proved by Bryan, that M’Campbell did make payments at‘different times, and there are sundry credits on the note given to Bryan. Arnold might have shown to a cent; the excess which he paid beyond his moiety. As he showed that he made none,.except that paid on the execution of Bryan’s assignee, and the proof is, thqt M’Campbell made sundry payments, we conceive that the court did right in allowing Arnold no more than the sum given.
So far, we conceive the decree of the court below correct; and if that court had taken the correct method, of enforcing the principles adopted in the decree, we should not feel disposed to disturb it; but this is not the case. That court directed, that Farmer, on the tender of the money, should convey the land; and that' if he should refuse to receive it in notes of the Bank of Kentucky, or Bank of the Commonwealth of Kentucky, and branches, the complainant might enter into bond in the clerk’s office, with security approved by the clerk of the court, conditioned to pay the amount in the currency of the Union; and that, on.executing such bond, orfilingHhe receipt of Farmer, the clerk should issue a writ of habere facias possessionem; and thus the court finally disposed of the cause.
*193decree coadjitia^a^.OT ^É^,&%í3!^.£!l4^vinslr.tiie' ^8* e.poñ'dMmnis.br ¡&. nó^-co^p-lied :iern|.elyes,, oí- th.e clejlí of tbe^oourt; ever^rQikcíing.nún^ , .j.t ^.proper "'f'gs.'iijcumbenC.uppp.jhim ,to.,se,e"i.tdoné. Who," Í*' í^tfus ins%n<X5, was $o, d.£c-iáe .tíi^t the tendel- wa,s j|if-g^t,^r that a .payment^jas, úiade-? . ceiytafply r-^groper tg- npfm* to theiáecisiáp of the ¿he.-genli-¿ügness anil .váMib; ,of .4 receipt. In short,,*óo’.decree ouglvuto bé ^náexedfNbeióretthe dismisses .¿he parties, ¡without 'dav.. - * -- ■ •• '
inconvenience must result to h$th pár.tiesfby 4M? decree. . If the complainant .tendered .the'money, ’igd'the defendant refused to receive it or con-vey the Jam], what remedy had. the complainant, but á new '^uit^ If the complainant never tendered the mopey, j^S? ^titered into the bond, ho.w long must the defendant bp subject to the decree .hanging over .his.bead J .How |bany’years must hp be subject to s.urfendpr his, do.njicil call', of the -, .. : ,* ..
Jjpx do we approva.of the complain, ant’s, being*, allow-pdjip enter into bond'with security, approved b^Tthe "Jfhe clerk is authorised, by these laws, to taka a fecog-¿n;izán,ce and approye.the security,' withip ten days af-tpr court, or before the emanation of execution. B.ut in the case of positive judgments or decrees, fs no such judgment or .decree, on which .ap qpe-^ufiRp cpuld issue; si*that the court could not delegate jjhai ]?ower, and if it could, the bond cpuld not have the force of a replevin bond. None :s.ucb can have that force, .b u t those taken by fhe clerk ,in the form of 'a recognizance, or by a sheriff under an execution, or .by .cornipissjoners under a decree or order,óf saje. It was, Therefore, improper,to compel the defendant to part .-Wth his lien upon the land, for a bbn&.whioh must be' vfgbr.ced by.another suit. The only proper way, thgfe-ipie, was for the court to assign a <fay,~ on or b.é’fore 'which the payment or, tender of the money^hpuTd'be saisi'd'é¿ :¿nd .then reserve; tp itself the .right of^deiydjitig *194whether the condition was complied.with, and if it waf, ■ t© render á positive decree for'the lapd.' "..A ‘ '
As the decree must, for this cause, question presents itself, what decree oughr4i?‘be'ren-dered with regard to rents, profits and im/rqvements?' The difference between'the rents and profits, on die side, and improvements on the other, was about $100,in favor of the former, as reported'!}}' the commissioner! Testimony was taken, conducing to show that the improvements were too low, and the rents too high, and the court gave no decree on this point, but left one to balance the qther.
We approve the decision of that court in refusing to appoint commissioners under the occupying claimant law. We cannot consider the tenant a bona fide occupant, entitled to the provisions of that law, and he was certainly subject to all such rents and profits as could have been reasonably made upon the land; and, on the contrary, is entitled to lessen those rents and profits, so far as the lasting and valuable improvements extend, but no further. We do not view the evidence taken, sufficient to set aside the report. ' Some confidence is due to the decision of the commissioner. He does not appear to have been under any undue bias, or to have made a gross mistake in his estimates, although his re: port differs from the opinions of some of the witnesses. Opinions, we know, are various, and a mere difference is seldom counted sufficient to vitiate a report. Besides, the commissioner reported the rents from the time that Arnold got the possession, as directed. The witnesses say, they count the rents for the time 'which Farmer held it, and for three years before, which they suppose to be as long as Arnold hpd it, without knowing the time. Of course, the opinions of both them and the commissioner may be correct. We, therefore, conceive that the complainant is entitled to the excess of rents and profits beyond the improvements reported by the commissioner, and that the court ought to direct that sum, as well as the costs of the suit in the court below, to be takqn from the money to be paid, and then, after reasonable time given for payment, or tender thereof, to decree the land positively to the complainant. And if, 'upon the tender of the money, the defendant in that court shall refuse to receive it, we would suggest the propriety of bringing the money into court, when the *195. (T3 O ' < w X W " p-KjO B-Oia^Piigp 3 o T3 1^.3 C 3 “J £> « £T § «" fa-cr q o ,,(f o y £ «**4 , *"5 g V<^-S5 P S> ci'rr’S-’ if 3* ^ § S^gpfe*-^ "L ■ S ^vJ^Ch- -2 W3-■&g:g- - Ow o o> ^ « (Ü o CB O 3 Er .CB 03 cd ;
7-r ‘G’ Í ' Q £ o-ct» ft) ^ 3 r+- ftj SgpS ?S-S# i, £3 -0 ■■<3 £ S”73 ,S,.g ®.-g,$^ § ^0=5 Sí>M -O' -*->. co-X3 07 o J g S-^_=~ 2 ■*3 a <» T3 o- £ S2 1 £o'£s 2 * ^ g ^,a^g a 5 ° E-c^.2 § £ Sj _> ¿, ¡g •“ OS > o - ■ IS u is g.s S’" § 2 o S o -O ° bps ~ CS o «£ - - -s? <D J 0**0 CD ~ *-j p era CD C* P ^ í¡ fí CJ- er P- o’ S- ^ ° ^ ii 5 3 3T £ ■_ O <& 5. E ct w-c/q OT .-• » O l: » ^ ^ CfQ ct* o 3_,o ¿. g T ^ 5 a . - c -o S a S -s ¿ CD cc -, ^C3 <D rj : +* jz )r c S1^ Se.» r&t J •£ S o bjj-r tía P a? a <L> - - q 'XJ tJD'" S m s s n o ^ ss o’-o O O Crt Z? rn 2s ^ CD w P'S si o o q* ■“*’
_ , <9 .. ng O- ft ^ » » „ ® O X' ^ O *TS *-f> SLr CD S-V-, P3 0-^2 ° § » f * q.*5T a ? *j CD CjQ P-^< ^ ‘ ETqS"' ■ a> CD ct> <y rd Xt> ’£3 CD ^ CD ^ <; ri g'-rfir'-O “g S " = =r 5 - - - “ *2 at! S*« -««a •**J o ^ ? 0>‘^ „ o JH *o ■ C-. ^ O- g a ^ 1 w • -6 p 0-2 O 'ó- 5 » ®-§ p- 3\£L'o Cv -i J> ^ rd ¿>-0 cu c< . g s 5'S*a "' >« D " D S &. í> a rs’-S o> - _ - O .3 S S m - o--g-"3 -go g.o “ ffi-t- cd ^ cs - a .3 <« ^ o* ti> O fj> ^ 1=5 •p g ; <u u 4 -G O S 'jO -I — « « q fig. o üí u o 3 » . CFg - 3 ^2. b g eS 2 P ^ s as "S -s O ^ u.^g f*5^ ° c C H c p rt c: c.) g.^ - cr^ <D tojScm o cu q* ÍS SL ifi i> ^ £ p c o > c & a _ Cr* -o - CD er — p fí) a tí t* cd G2: D ■P ^ O « as Q - ,J? 4-» H s„-o ^;s §-ü-S.s>g.NSfg, ,«-CUO ^ O-i QD - u-> g.g w <3 g ^ jetf^-^cc er ,/d i^^r i'q.vo g Q“~ ~ oP^& *196¿ee 0f-the title,- without the receipt', of what IieUtú?" pajj. so ^’Campbell, and consequently his-Vcndee, the appellee, has also alien upon the land for ivhat was paid by M’Caropbell; for both the vender and pnr-chasetj|$ff|g£ids have their mutual liens, the former for the p'ur'cliasfe money due to him, and the latter for what he has paid, in case it is to be restored to him. U will, ‘therefore, be correct to charge the sum which Arnold is^Round to pay, when ascertained as before directed, upon the land, and to subject the said one hundred acres to a sale for that amount, if it is not paid, as in case'of other liens; and for so much as is thus charged upon the land, or recovered of Arnold, M'Campbélf ' 'will be .entitled to a credit, in the decree obtained against him by the appellee, in Case he fails to pay the balance of the price and keep the land.
The decree must, therefore, be reversed with costs.' and the cause be remanded, with directions to the court bfclow to enter a decree conformable with this opinion*