*121 Opinion of the Court, by
Judge Mílls.
THIS bill is brought for the conveyance of a small piece of land, for which James Hancock gave his bond to the complainant, being part of one hundred acres for which Gore, who held the legal estate, gave his bond to said James Hancock. Gore also gave his bond for one hundred acres to the Complainant, and the bond of James Hancock to the Complainant, is for that part of James Hancock’s land, Which lies between the lines of the complainant and Steele’s branch, which quantity is declared by the bond on which the bill is filed, to be uncertain and unknown.
The heirs of Gore answer,-stating that their ancestor had tendered a conveyance in his lifetime to James Hancock, and that since his death and since the filing of this bill, and before the service of process, they have conveyed to James Hancock and taken in the bond of their ancestor, which is filed in another suit in the same court, but does not appear in this.
Witnesses prove that they know the objects called for in the bond from Gore to James Hancock; but there is no survey in the-cause exhibiting these objects, and the court certifies that the survey filed was rejected, and it composes no part of the record, and it is, accordingly, not Gopied in the record before us, yet the decree is by metes and bounds. Whether these metes and bouuds compose any part of the land sold by Gore to either the complainant or James Hancock, or whether they contain a part of the land conveyed to James Hancock by the heirs of Gore, or any part of the land for which the legal title is in Gore’s heirs, is wholly uncerJ tain, and as far as we Can ascertain the bounds of the decree, they are arbitrarily fixed by the chancellor, we know not where, and although the chancellor states the quantity of land in the decree, there is not the least proof of that quantity in the record.
(1) The decree is not only against James Hancock, who gave his bond to convey to the complainant, but also against the heirs of Gore, who have already conveyed to James Hancock. It is clear, that if the heirs of Gore have conveyed to James Hancock the land *122 which they were bound to convey by their ancestor!! bond, they have nothing to do with this controversy.
(2) Where the complainant shows himself entitled to the convey- . anee of land from one defendant, but to what land and how much, is uncertain, and on the position of the" land depends the relief sought against another defendant, the chan-ceilor ought not to dismiss the hill as to either, but order a survey or appoint a commissioner.
(3) Where land is to be conveyed upon the payment of money, the chancellor cannot direct the transaction to bo biít^fraustbe sctUfvl under the eye of the sjourt.
Monroe, for plaintiffs; Sharp, for defendant.
If, on (he contrary, as the bill seems to insinuate* the heirs of Gore and James Hancock have, by the conveyance to the latter, changed the position of the land, and left out land which the bond to James Hancock covered, and also covered by the bond of James Haú-cock to the complainant, it was competent for the chancellor to set the mailer right and to fix the land to its ancient position, and then if Gore’s heirs had not already conveyed it to James Hancock, to compel them to do so, and he to convey to the complainant, and this is the cou rse that the chancellor ought to have pursued.
(2) It is a case where the complainant has made out a title to some relief against James Hancock, and eventual relief against Gore’s heirs, if it should be found that they, by combination with said James, have changed the.position of the land, and yet hold the legal estate on tiie ground as formerly described. But the extent and posilion of that relief, cannot be ascertained from the prooí* and the defect of proof is of that nature, as not to warrant a dismission of the bill, bitt might have been supplied by a surveyor or commissioner, as decided by this court in the case of Farmer and Arnold vs. Samuel, 4 Litt. Rep. 187. The position of the two bonds executed by Gore to Hancock, ought to be thus ascertained, and that would give the land included in the bond of James Hancock to the complainant, and would, also, discover whether the deed of Gore’s heirs to James Hancock, embraces the ground included in Gore’s bond to him.
(3) There is, also, another objection to the decree. There was a balance due from.the complainant to James Hancock, which depends in amount upon the quantity of land, and the court below having fixed the quantity without a survey and without proof, directed the money to be tendered and the conveyance made in pais, when these matters ought to be settled on record, under the eye of the court, as was held in the ease before cited, and other cases.
The decree must, therefore, be reversed with costs, an^ the cause be remanded with directions there toen-tertain such proceedings, and render such decree as may not bo inconsistent with this opinion.