# GLACIER MOUNTAIN SILVER MINING COMPANY
## *v.* WILLIS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 166. Submitted April 9, 1888. — Decided May 14, 1888.

After hearing counsel the court of its own motion dismisses a case for want of jurisdiction. Plaintiff in error moves to reinstate it, supporting the motion by affidavits as to the value of the property in dispute. The court orders service on the other party, and on return vacates the judgment of dismissal.

In an action of ejectment, the description of the land claimed was as follows : " commencing near the base of said mountain east of Bear Creek and running southeast and parallel with Coley tunnel through said mountain five thousand feet from the mouth or starting point of said tunnel at a stake marked and in or at the mouth of said Silver Gate tunnel and two hundred and fifty feet northeast and two hundred and fifty feet southwest from said stake or tunnel to its termination." *Held*, that it was a sufficient description.

In ejectment for the possession of a mine in Colorado, the complaint, after describing the land and a tunnel claim therein, averred that " the said tunnel claim so located embraces many valuable lodes or veins which have been discovered, worked, and mined by the plaintiff and its grant-

ors." *Held*, that this was a sufficient description of the lodes for which recovery was asked.

A complaint in ejectment in Colorado, for a mine, which alleges a valid and legal location by those under whom the plaintiff claims, and possession and occupation by the plaintiff for more than five consecutive years prior to the ouster, and payment of taxes by him during that time, sets up a sufficient claim to title as against everybody except the United States.

Mineral locations on public lands, made prior to the passage of any mineral law by Congress, are governed by local rules and customs then in force; but their effect cannot be determined on the demurrer in this action.

THE case, as stated by the court, was as follows:

This was a writ of error to the Circuit Court of the United States for the District of Colorado to review a judgment of that court sustaining a demurrer to the "second amended complaint" filed by the Glacier Mountain Silver Mining Company, plaintiff in error, against J. Frank Willis, Charles Buckland, and Donald M. Frothingham, defendants in error, which complaint is in the words and figures following, to wit:

"For second amended complaint the plaintiff complains and alleges that it is a corporation organized and existing under the laws of the State of Ohio and is a citizen of the State of Ohio; that the defendants are and each of them is a citizen of the State of Colorado, and that the property in controversy exceeds the value of $500.

"Plaintiff further alleges that on the 21st day of June, 1865, one Joseph Coley and one George C. Reeves, each being a citizen of the United States, went upon the public domain of the United States theretofore wholly unoccupied and unclaimed and located on said day a tunnel and tunnel site at the base of Glacier Mountain, in Snake River mining district, county of Summit, State of Colorado.

"That afterwards and on the same day they marked the boundaries of their said location and commenced to run a tunnel into said Glacier Mountain, and, after fully complying with the laws of the United States, the laws of the State of Colorado, and the local rules and regulations of the said Snake River mining district, they caused to be made out and recorded in the recorder's office of the county of Summit afore-

said a location certificate of said tunnel claim, which said certificate described the location and boundaries of said tunnel claim.

"That from the day of said location until the ouster hereinafter set forth the said locators of said tunnel claim and their grantees remained continuously in possession of said tunnel claim, working and mining thereon, and have expended thereon more than the sum of $5000.

"That the plaintiff is the owner of the said tunnel claim above described by location and purchase, and is now entitled to the quiet and peaceable and exclusive possession thereof by virtue of a full compliance on its part and on the part of its grantors with the laws, rules, and customs above set forth; that the plaintiff and its grantors have been in the peaceable and undisputed possession of said tunnel claim, by virtue of such location, occupation, preëmption, and record, for more than five years prior to the ouster hereinafter complained of.

"That plaintiff and its grantors, for more than five consecutive years prior to the acts of the defendants hereinafter mentioned, paid all taxes legally or otherwise assessed upon said tunnel claim, and have worked and mined the same from said 21st day of June, 1865, up to the time of the acts of the defendants hereinafter set forth.

"That the said tunnel claim so located embraces many valuable lodes or veins which have been discovered, worked, and mined by the plaintiff and its grantors.

"That the said tunnel claim was by its locators named the Silver Gate tunnel claim, and is described more fully as follows: Commencing at the base of said Glacier Mountain east of Bear Creek, and running southeast and parallel with Coley tunnel through said mountain five thousand feet from the mouth or starting point of said tunnel at a stake marked and in or at the mouth of said Silver Gate tunnel, and two hundred and fifty feet northeast and two hundred and fifty feet southwest from said stake or tunnel to its termination.

"Said tunnel site is situate on Glacier Mountain, in Snake River mining district, county of Summit and State of Colorado, and is five thousand feet in length by five hundred feet in width.

"Plaintiff further alleges that while it was in the quiet and peaceful possession of said tunnel claim and every part thereof the defendants, wrongfully and without right and without consent of the plaintiff, to wit, on or about the 2d day of July, 1883, entered upon the premises and into said tunnel so run by plaintiff and its grantors on said claim, and wrongfully and unlawfully ousted the plaintiff therefrom, claiming the said tunnel as the War Eagle.

"That on or about said last mentioned date the defendants, without right, made a pretended location of a lode claim across said tunnel and within said tunnel claim, and therein wrongfully ousted the plaintiff therefrom, claiming that they had discovered a lode which they called the Tempest lode.

"That the defendants have ever since hitherto unlawfully and wrongfully withheld the possession of the said premises and tunnel claim from the plaintiff, to its damage in the sum of $1000.

"Wherefore plaintiff demands judgment against the defendants —

"(1) For the recovery of the possession of said Silver Gate tunnel, tunnel site, and claim.

"(2) For the sum of $1000 damages for the wrongful withholding thereof.

"(3) For costs of suit."

The demurrer of the defendants rested upon four grounds:

"First. That the property sought to be recovered in this action is not described by its legal subdivisions nor by its metes and bounds.

"Second. That the lodes alleged to be embraced within the said tunnel site location, and for which a recovery is asked by the said plaintiff, are not mentioned nor described, nor any location of them or any of them alleged.

"Third. That said complainant does not show any valid and legal subsisting preëmption or location of said Silver Gate tunnel site.

"Fourth. That the claim of the said plaintiff to a strip of ground 5000 feet in length by 500 feet in width as a tunnel site is unwarranted and unprecedented and was not at the

date of said pretended location nor at any time subsequent thereto authorized by any local, state, or congressional law."

*Mr. Walter H. Smith*, on the 6th of February, 1888, argued the case for the plaintiff in error when it was reached on the docket, no one appearing for the defendants in error. The court, after hearing argument on the point, dismissed the case from the bench for want of jurisdiction.

On the 7th of February *Mr. Smith* made the following motion, supported by the accompanying affidavits, all entitled in the cause:

·" The said Glacier Mountain Silver Mining Company, plaintiff in error, now comes and moves the court to set aside its order made on the 6th of February, 1888, dismissing said cause for want of jurisdiction and for leave to show that the property in controversy in said cause did at the commencement of said suit and now does exceed five thousand dollars in value, and therefore that this court has jurisdiction of this cause.

"WALTER H. SMITH,

" *Attorney for Plaintiff in Error.*

" DISTRICT OF COLUMBIA,     } *ss :*
   " *County of Washington,* }

" I, Oscar H. Curtis, being first duly sworn, say that I reside at Oxford, Chenango County, New York; that I am well acquainted with the Silver Gate tunnel claim, situate at the base of the Glacier Mountain, in Snake River mining district, in Summit County, Colorado, being the same premises and property that is now in controversy in the case now pending in the Supreme Court of the United States, wherein the Glacier Mountain Silver Mining Company is plaintiff in error and J. Frank Willis *et al.* are defendants in error, being No. 166 of the October Term, 1887. I at one time was the owner of said property. I purchased it at sheriff's sale and paid therefor over twelve thousand dollars. I know that more than twenty thousand dollars has already been expended in developing said

property, and I have no hesitation in saying that the value of said premises and property on the first day of July, 1883, and at all times since that date, exceeded the sum of five thousand dollars.

"OSCAR H. CURTIS.

"Subscribed and sworn to before me this 7th day of February, 1888.

"[SEAL.]                        JAMES D. MAHER."

MR. CHIEF JUSTICE WAITE, on the 13th of February made the following announcement:

The further consideration of this motion is postponed until March 19, and the plaintiff in error is directed to cause notice of this order and of the motion, with a copy of all affidavits filed or to be filed in support thereof, to be served upon the defendants in error on or before the second day of March.

On the 20th of March *Mr. Smith*, on behalf of the plaintiff in error, submitted to the court his motion to vacate the judgment and reinstate the cause, and the following additional affidavits in support of it, and evidence of service of all the affidavits, all entitled in the cause:

"STATE OF OHIO,
    "*Hamilton County,* } *ss*:

"I, Goodrich H. Barbour, being first duly sworn, say that I reside at Cincinnati, Hamilton County, Ohio, that I am well acquainted with the Silver Gate tunnel claim, situated at the base of Glacier Mountain, in Snake River mining district, in Summit County, Colorado, being the same premises and property now in controversy in the case now pending in the Supreme Court of the United States, wherein the Glacier Mountain Silver Mining Company is plaintiff in error, and J. Frank Willis *et al.* are defendants in error, being No. 166 of the October term, 1887. That I have been a stockholder in said Glacier Mountain Silver Mining Company since 1876 and was induced to purchase this by the personal knowledge of a near

relative and others who had visited the mine and from reliable correspondence up to the present time. I have not changed my opinion as to the value of said mine. I consider the said mine to be worth more than $5000.00. Would not sell my stock on a basis of treble this amount; that I have been a director since 1877, and from my personal knowledge, the Company have paid in assessments for improvements on said property, nearly five thousand dollars.

" GOODRICH H. BARBOUR.

"Sworn to before me and subscribed in my presence this 24th day of February, A.D. 1888.

"[NOTARY SEAL.]      E. J. HOWARD,<br>"<i>Notary Public, Hamilton County, Ohio.</i>

"UNITED STATES OF AMERICA,   &#125;<br>     "*State of Colorado.*  

"IN THE CIRCUIT COURT.

"On this twenty-fifth day of February, A.D. 1888, personally appeared Charles P. Baldwin, who, being first duly sworn, on oath deposes and says, that he is a citizen of the United States and more than twenty-one years of age; that he has been for the past twenty years and still is employed as mining superintendent in Clear Creek County, Colorado; that about eight years ago he was employed by the president of the Glacier Mountain Silver Mining Company to examine the property of said Company situate and being on Glacier Mountain in Summit County, Colorado; that he made a careful examination of said property, and that it was worth at that time, and is now worth more than five thousand dollars.

"CHARLES P. BALDWIN.

"Subscribed and sworn to before me this 25th day of February, 1888.

"[CLERK'S SEAL.]     H. A. ATKINS,<br>"<i>Clerk of District Court.</i>

THE STATE OF KANSAS, } ss :
" *Marshall County,*

"\Charles Preston, of lawful age, being first duly sworn, according to law, upon his oath deposeth and saith, that he is personally well acquainted with the Glacier Mountain Silver Mining Company's property in the Snake River Mining District, in Summit County, in the State of Colorado, being the property represented in the above-entitled suit, and that said affiant is personally well acquainted with the value of said property ; that said affiant has been mining in that District for six years last past, and is personally acquainted with the property represented in the foregoing entitled suit, and is well acquainted with the value of said property, and other mining properties of that District, and that the said Glacier Mountain Silver Mining Property is worth over five thousand dollars, and further this affiant saith not.

" CHARLES PRESTON.

" Subscribed and sworn to before me this 24th day, February, A.D. 1888, by Charles Preston.

" In witness whereof I have hereunto subscribed my name, and affixed my Official Seal this 24th day of February, A.D. 1888.

" B. SMITH,
" [NOTARY SEAL.]                    *Notary Public.*

" THE DISTRICT OF COLUMBIA, } ss :
" *Washington County,*

" I, Walter H. Smith, being first duly sworn, say that I did, on the 29th day of February, A.D. 1888, deposit in the Post Office at Washington City, in said district, a letter directed to George Norris, Temple Court, corner of Beekman and Nassau streets, New York City, (the said Norris being the attorney of record for the defendants in error in the above named case of *The Glacier Mountain Silver Mining Company* v. *J. Frank Willis et al,*) which said letter contained a certified copy of the order made by this court on the 13th day of February last, in said cause ; a copy of the affidavit of Oscar H. Curtis,

heretofore filed and printed and a copy of the affidavits of Isaac Graveson, Goodrich H. Barbour, Charles Preston, and Charles P. Baldwin, herein above set forth, all of which were filed in the clerk's office prior to or on the 29th day of February last, I further say that I obtained the post-office address of the said George Norris from the clerk of this court.

" WALTER H. SMITH.

" Subscribed and sworn to before me this 15th day of March, 1888.

" JAMES H. GRIDLEY,
" [NOTARY SEAL.]          *Notary Public.*"

MR. JUSTICE MILLER, on the 2d of April, 1888, made the following announcement:

This case was dismissed at the hearing on the ground that the amount in dispute was not sufficient to give this court jurisdiction. Permission, however, was given for the plaintiff in error to move to set aside this dismissal and file affidavits, if it could, to show that the value of the property which was the subject of controversy exceeded five thousand dollars. We think the affidavits now produced establish that fact sufficiently, and as no affidavits to the contrary have been produced, although the defendants in error had notice, the motion to set aside the order of dismissal is granted, and the case restored to the docket in the position it occupied before it was dismissed.

*Mr. Walter H. Smith,* on the 9th April, 1888, submitted the case for plaintiff in error on his brief. *Mr. Ellery C. Ford* was with him on the brief.

No appearance for defendant in error, and no brief filed.

MR. JUSTICE LAMAR, after stating the case as above reported, delivered the opinion of the court.

The opinion of the court below is not found in the record, and we are not advised by brief or otherwise as to the grounds

upon which the court sustained the demurrer. We must, therefore, determine the issues presented in the case by reference to the bill of complaint, and to the causes assigned for demurrer.

*First.* That the property sought to be recovered in this action is not described by its legal subdivisions nor by its metes and bounds. We do not think this ground is tenable. The complaint, after setting forth the location by plaintiff's grantors of the tunnel and tunnel site in Snake River mining district, Summit County, Colorado, at the base of the Glacier Mountain, states that they (said grantors) caused to be made out and recorded in the recorder's office of the county aforesaid, a location certificate of said tunnel claim, which said certificate described the location and boundaries of said tunnel claim; that the said tunnel claim was by its locators named the Silver Gate tunnel claim, and is described more fully as follows : "Commencing at the base of said Glacier Mountain east of Bear Creek, and running southeast and parallel with Coley tunnel through said mountain five thousand feet from the mouth or starting point of said tunnel at a stake marked and in or at the mouth of said Silver Gate tunnel, and two hundred and fifty feet northeast and two hundred and fifty feet southwest from said stake or tunnel to its termination."

We think this description is sufficiently plain and distinct to enable the sheriff in case of a recovery to execute a writ of possession, or to enable a surveyor to ascertain the exact limits of the location. The strict rule of pleading which formerly required exact accuracy in the description of premises sought to be recovered, has, in modern practice, been relaxed, and a general description of the property held to be good. The provisions of state statutes as to the description of the premises by metes and bounds, have been held to be only directory, and a description by name where the property is well known is often sufficient.

As to the second cause of demurrer, we think that, though the lodes alleged to be embraced within the said tunnel site location are not each separately described, the statement in the complaint that all the lodes in the tunnel claim have been

worked and mined by the plaintiff and its grantors, compre-hends every part of the property for the recovery of which the action is brought.

With reference to the third ground of the demurrer, it is only necessary to say that the complaint alleges that a valid and legal location of said tunnel was made by persons under whom the plaintiff claims, and that the plaintiff held posses-sion of the same for more than five consecutive years prior to the ouster by the defendants, and paid all the taxes during that period legally or otherwise assessed upon said property. This, under the laws of Colorado, would give the plaintiff a right to the premises in dispute superior to any other claim, except that of the government.

The fourth ground of demurrer is: " That the claim of the said plaintiff to a strip of ground 5000 feet in length by 500, feet in width as a tunnel site is unwarranted and unprece-dented and was not at the date of said pretended location nor at any time subsequent thereto authorized by any local, state, or congressional law." Under § 2323 Rev. Stat. the right is given to locate a tunnel 3000 feet from the face of said tun-nel, and the right is also given to the lodes discovered in said tunnel " to the same extent as if discovered from the surface," which is 300 feet on each side of the tunnel. Under the local laws of Colorado the right is given to " 250 feet each way from said tunnel on each lode so discovered." 1801, § 5 Gen-eral Laws of Colorado, 627. The objection presented by the de-murrer is, that the tunnel is 5000 feet in length, whereas the statute only recognizes a right of 3000 feet from the mouth thereof, and that this renders the whole claim void.

We do not assent to this proposition. The location would be good to the extent of 3000 feet at least. *Richmond Min-ing Company* v. *Rose,* 114 U. S. 576, 580. This would be true had the location been made under the mining laws now in force. It will be observed, however, that this location was made prior to the passage of any general mineral law. It was made in 1865, and the first general statute passed by Congress on the subject is that of July 26, 1866. It is alleged by the plaintiff in error that this location was made in accordance

with the local rules and customs of miners in force at the time of the location, and that, therefore, such location was recognized and protected by the general mineral laws of July 26, 1866, 14 Stat. 251, and that of May 10, 1872, 17 Stat. 91. This allegation, however, is denied by the defendants; but as these local rules and customs differ in the several mining districts as to the extent and character of the mine, the question cannot properly be determined on demurrer.

The Land Department of the government, and this court also, have always acted upon the rule that all mineral locations were to be governed by the local rules and customs in force at the time of the location, when such location was made prior to the passage of any mineral law by Congress. *Jennison* v. *Kirk*, 98 U. S. 453, 457; *Broder* v. *Water Co.*, 101 U. S. 274, 276; *Jackson* v. *Roby*, 109 U. S. 440, 441; *Chambers* v. *Harrington*, 111 U. S. 350, 352.

We are, therefore, of the opinion that the cause of action is plainly and fully set forth in the complaint, and that the judgment of the court below cannot be sustained on any ground presented by the record.

*The judgment of the Circuit Court is therefore reversed, and the cause remanded to that court for such further proceedings as are consistent with this opinion. So ordered.*