TRACY, APPELLANT, v. HARMON, RESPONDENT.

[Submitted January 23, 1896.  Decided January 27, 1896.]

APPEAL—*Sufficiency of complaint to support judgment—Ejectment.*—Defendant in ejectment may, on appeal from a judgment in his favor, contend for the first time that the description in the complaint is so indefinite that a judgment for plaintiff could not be sustained. (*Foster* v. *Wilson*, 5 Mont. 53, cited.)

EJECTMENT—*Description of land—Pleading.*—In order to support a judgment in ejectment the complaint should describe the land with such certainty and definiteness as to enable an officer to identify the land from the description itself without resort to other sources of information. (*Haggin* v. *Lorentz*, 5 Mont. 509, cited.)

*Appeal from Ninth Judicial District, Gallatin County.*

EJECTMENT. The cause was tried before ARMSTRONG, J. Defendant had judgment below. Affirmed.

*Sutton & Thresher,* for Appellant.

*Hartman & Hartman,* for Respondent.

The description in the complaint is so defective as to be void for uncertainty. (*Hammond* v. *Stoy*, 85 Ind. 457; *Lenniger* v. *Wenwick*, 98 Ind. 596; *Gigos* v. *Cochran*, 54 Ind. 593; *Scruble* v. *Neighbert*, 41 Ind. 344; *Leary* v. *Langsdale*, 35 Ind. 74; *Crosby* v. *Dowd*, 61 Cal. 557; *Northern Railway Company* v. *Jordan*, 87 Cal. 23; *Jolly* v. *Ghering*, 40 Ind. 139.) If a complaint describes land so imperfectly, that the description is void for uncertainty, the complaint is bad. (*Bayless* v. *Glenn*, 72 Ind. 5, 9.) And such uncertainty cannot be cured by answer. (*Leary* v. *Langsdale*, 35 Ind. 74.) When the description of land in the complaint is so imperfect that it cannot be definitely ascertained, judgment cannot be given therefor, nor writ of possession issue. (*Orton* v. *Noonan*, 18 Wis. 447; *Lenniger* v. *Wenwick*, 98 Ind. 596; *Hammond* v. *Stoy*, 85 Ind. 457; *Halstead* v. *The Board*, 56 Ind. 363; *Miller* v. *Miller*, 16 Pick. 213; *Atwood* v. *Atwood*, 22 Pick. 283.)

PEMBERTON, C. J.—This is an action in ejectment, brought by plaintiff to recover possession of certain town lots or parcels of land, situated in the city of Bozeman, Gallatin county. The complaint is substantially such as is ordinarily used in such actions. The answer denies specifically the allegations of the complaint, and also sets up an affirmative defense, which is denied by the replication. It will not be necessary to treat the questions involved in the affirmative defense. The case was tried to a jury, who made and returned special findings of fact, and a general verdict in favor of the defendant. Judgment was rendered in accordance therewith. From the judgment and order refusing a new trial the plaintiff appeals.

The first question that confronts us is the description of the land in controversy. Counsel for the respondent contend that the description is so uncertain, indefinite, and vague as to be absolutely void, and that, by reason thereof, if the jury had returned a verdict for the plaintiff, the court could not have rendered judgment thereon for the plaintiff, but would have been compelled to have sustained a motion in arrest of the judgment. Hence, counsel contend that this court must affirm

the judgment appealed from in this case, regardless of any error that may have been committed by the trial court. These questions were not raised in the lower court, and are presented here for the first time. These questions go to the sufficiency of the complaint to sustain a judgment, and this court held, in *Foster* v. *Wilson*, 5 Mont. 53, that they could be raised here for the first time.

The description of land in controversy is as follows: "Commencing at a point 200 feet south of the north line of what is known as the block eight in Springbrook addition to the city of Bozeman, as shown by the recorded plat of said addition now on file in the office of the recorder of deeds of Gallatin county, Montana, and on the west line of the s. e. ¼ of the n. e. ¼ of section 12, twp. 2, s., range 5 east; thence running west to the west line of the said block, about 35 feet; thence south, along the east line of said block, 50 feet; thence west about 36 feet, and to a point on the west line of the s. e. ¼ of the n. e. ¼ of sec. 12, twp. 2 s., r. 5 e.; thence north to point of commencement." The west line of the s. e. ¼ of the n. e. ¼ of section 12, township 2 s., range 5 e., mentioned in the above description, runs through block 8, about 35 feet west of the east boundary line of said block. The initial point in the description is located 200 feet south of the north line of said block, on said congressional subdivision line. The calls, commencing at this designated point, run thence west to the west line of said block about 35 feet; whereas, as is shown by the plat of said block, it is all of 200 feet from the initial point to the west line of said block. The description reads, "Thence south, along the east line of said block, 50 feet." "Thence" means "from that place,"—that is, from the first stop on the west line of block 8. The east line of said block is 250 feet from the west line, as shown by the official plat. How, then, could a line be run *thence*,—that is, from a point on the west line of block 8,—50 feet along the east line thereof? It is an impossibility. Here is an open jump of 250 feet from a point on the west line to a second starting point on the east line of said block, going about 35 feet east and beyond the initial

point. The description runs thence 50 feet south, along the east line of said block; thence west about 36 feet to said congressional subdivision line; thence to the point of commencement. By tracing the calls in the description, it will be readily seen that no land whatever is bounded by or included therein. It is conceded that the description is bad, and that it does not include or bound the land claimed by the plaintiff.

But counsel for the appellant contend that it is sufficient to enable an officer with a writ to identify the land claimed. In order to be sufficient to support a judgment for the recovery of the land, the description should be so certain and definite as to enable an officer to identify the land from the description itself, without resort to other sources of information. Unless the description is such, the complaint will be so fatally defective as not to support a judgment; nor can such defect be cured by amendment after judgment. (*Haggin* v. *Lorenz*, 15 Mont. 309.) The description, in the complaint, of the land claimed by plaintiff, we think, is so indefinite, uncertain, and vague as to be wholly void, thereby rendering the complaint insufficient to support a judgment for the recovery of said land. The description does not include, embrace, or bound any land whatever.

For the reasons given, without treating other questions presented on this appeal, the judgment and order of the district court are affirmed.

*Affirmed.*

DE WITT, J., concurs.

HUNT, J., absent.