### GREEN v. DAVIS.

(Circuit Court of Appeals, Sixth Circuit. October 28, 1907.)

No. 1,663.

EJECTMENT—SUFFICIENCY OF PETITION—DESCRIPTION OF LAND.

It is permissible for a petition in ejectment to describe the land sought to be recovered as all of a certain tract, except portions thereof embraced in prior grants and patents from the state; but in such case, to support a judgment for the plaintiff, the parts excluded must be accurately described.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Ejectment, §§ 158–164.]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

W. O. Harris, for plaintiff in error.

Lewis Edelen, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was an action in ejectment to recover from George Green and numerous other defendants certain lands embraced within the exterior boundaries of a patent issued by the state of Kentucky, September 25, 1845, on a survey dated March 3, 1845, to Ledford, Skidmore & Smith, which called for 86,000 acres. This land was situated in the southeastern part of Kentucky. Its boundaries were defined by this court in the case of Bramblett v. Davis, 141 Fed. 776, 72 C. C. A. 204. They include a parallelogram about 25 or 26 miles long and 5 or 6 miles wide. The present suit was brought to eject those persons who now wrongfully occupy the part of the original patented tract which still belongs to Davis, as trustee, under conveyance from the original patentees. The petition alleged that Davis, as trustee, was the owner and entitled to the possession of the original tract of 86,000 acres, describing it by the boundaries set forth in the patent, with the following exceptions:

"But excepting therefrom such portions thereof as are embraced within the valid surveys or patents made or issued prior to March 3, 1845, and further excepting therefrom such portions as are embraced within" certain deeds described in the petition—some made by Ledford, Skidmore & Smith, and some by Naomi Lawton Davis.

The defendant Green moved the court to require the plaintiff to make the petition more definite and certain by describing the part or parts within the exterior bounds of the patent set out in the petition which were claimed and sought to be recovered by the plaintiff. He also filed a special demurrer on the ground that the petition did not state that the matter in controversy between the plaintiff and him ex-

ceeded the sum or value of $2,000, and, finally, a general demurrer on the ground that the petition did not state facts to constitute a cause of action. These objections were overruled, an order was made continuing the cause, there having been an order of survey made, and then an amendment to the petition was filed which reads as follows:

"Comes now the complainant, Charles Henry Davis, trustee, etc., and by leave of court amends his petition herein, and for amendment states: That the tracts of land excluded from the exterior boundaries of the Ledford, Smith & Skidmore 86,000-acre patent described in the petition for which patents have been issued prior to the date of that patent are so numerous that they could not reasonably be set out in the body of this amendment without great prolixity. For this reason, and for the greater convenience of the court and of the parties to this suit and all concerned, the complainant files herewith as part hereof an exhibit, marked 'X-9,' to which he refers and makes it part hereof as fully as if the same were herein set out, which exhibit shows the patents senior to the aforesaid Ledford, Smith & Skidmore patent, which conflict in whole or in part with that patent, so far as the complainant has been able to ascertain. Complainant says he cannot state with certainty that each of the patents contained in the said exhibit does actually conflict with the said Ledford, Smith & Skidmore patent; but from the best information he has on the subject, in the absence of an actual survey of said patent, he believes that each of them does to some extent conflict with said patent. It is impossible, though, for the complainant to state positively or accurately to what extent the said patents do so conflict, or that all of them conflict at all, without an actual survey of the said 86,000-acre tract, such as has been ordered to be made in this case, for the reasons, amongst others, that many of the aforesaid senior patents described in said exhibit will be found to conflict with each other, in some cases as many as three of said patents will be found to overlap each other to a greater or less extent, and others of them are so indefinite in their descriptions that they will be held to be utterly void and not valid as supporting title senior to the title of the complainant for any land whatever; but to what extent and in what numbers the said senior patents contained in the aforesaid exhibit do overlap each other, and to what extent and in what number they will be found to be void for uncertainty in the description, the complainant is unable to state positively until after the completion of the survey which has been ordered by the court in this case. The complainant alleges, therefore, that the patents referred to and described in the aforesaid exhibit are all the senior patents which he has been able to find, believing them to be located in whole or in part within the said 86,000-acre patent, and it may turn out by the survey that he is mistaken in thinking that all the patents contained in said exhibit are located within the 86,000 acres aforesaid; and the complainant alleges that he files the aforesaid exhibit as containing to the best of his knowledge, information, and belief a true list of the tracts of land which were meant and referred to as exclusions from the complainant's title to the said 86,000-acre tract, but there may be other tracts not described in said exhibit which will turn out to be found located within the 86,000-acre tract that are superior to it, or it may turn out that some of those described in the exhibit as senior will be found not to be senior or superior to the title of the complainant. The said exhibit also contains the full descriptions of all tracts of land referred to in the petition in this case as having been conveyed by complainant and by his predecessors in title, back to and including the patentees, Ledford, Smith & Skidmore. Wherefore the complainant prays that this amendment may be read and considered as part of his original petition, and he prays for the relief therein prayed for."

A package, marked "Exhibit X-9," filed with the amendment to the petition, which contained copies of 434 patents granted prior to the Ledford, Skidmore & Smith patent of 1845, and therefore senior thereto, had upon it the following indorsement:

"This package contains copies of patents senior to the Ledford, Skidmore & Smith patent No. 6,975; also descriptions of deeds excepted in original deed

156 F.—23

to Edward M. Davis from Noble Smith, Henry Skidmore, and James T. Loyd, and of deeds made by the Davis family to others, so far as I have been able to determine them without actual survey. It must be understood however: (1) That it is not positively known that all of these patents are inside of Ledford, Skidmore & Smith patent No. 6,975. (2) That there may be others not known to me which upon an actual survey may be found inside. (3) The exact areas, boundaries, or locations of these patents cannot be determined without actual survey made upon the ground. The list is the best which can be produced from our present knowledge, but Mr. Davis will not be held bound for the completeness or accuracy of the list, or the areas excluded thereby.

                                                    "Will Ward Duffield."

Following the filing of the amendment to the petition, the defendant Green demurred on the ground the petition did not describe the land sued for so it could be identified, and also on general grounds, and moved the court to require the plaintiff to make his petition more definite and certain by describing the land claimed so that it might be identified. This demurrer and motion were overruled. The defendant Green, declining to plead, moved the court to enter judgment, which was overruled, and then moved the court to require the plaintiff to elect either to proceed to judgment or dismiss the petition. This motion was sustained, and the plaintiff elected to ask for judgment in accordance with the petition as amended. Such judgment was entered for the ownership and immediate possession of the original tract patented to Ledford, Skidmore & Smith, as described in the original petition, "but excluding therefrom the following described tracts described in the plaintiff's petition and amended petition, to wit." Then follows the conveyances and patents set out in the petition and amendment to the petition and superior to the title of plaintiff. The errors assigned are the overruling of the general demurrer and the motion to require the plaintiff to make the petition more specific and certain, and the rendition of the judgment.

The difficulty in this case arises not so much from the allegations of the petition as from those of the amendment subsequently filed. The petition states that the plaintiff was the owner and entitled to the possession of the tract of land granted by Kentucky, on September 25, 1845, to Ledford, Skidmore & Smith, "except the exceptions hereinafter named," and then describes the original patent, and adds:

"But excepting therefrom such portions thereof as are embraced in the valid surveys or patents made or issued prior to March 3, 1845, and further excepting therefrom such portions thereof as are embraced within" certain deeds which are described.

The petition further alleged that each of the defendants had wrongfully and unlawfully and without right entered upon a portion or portions of the land so claimed and owned by plaintiff, and hereinbefore described as embraced within the boundaries of said 86,000-acre tract—

"not lying within any of the exclusions therefrom aforesaid, and without right detained the same, the boundaries of which portion or portions of said lands so entered upon and detained by said respective defendants being unknown to the plaintiff."

From all this it clearly appears that the portion of the original Ledford patent which is claimed by the plaintiff and sought to be recovered must be reached by the method of exclusion. This court has al-

ready determined the boundaries of this patent; but a large portion of the tract is covered by patents and conveyances, patents made before the Ledford patent, and conveyances made since by Ledford and his associates and successors. No question is made but that the conveyances made subsequent to the patent are sufficiently described. The prior patents were originally described in the petition in a general way, thus:

"But excepting therefrom such portions thereof as are embraced within valid surveys or patents made or issued prior to March 3, 1845."

We are relieved from considering whether this would have been a sufficient description, because the plaintiff, of his own accord, filed an amendment which made this general averment specific by including in an exhibit, which was made a part of the petition, all the prior patents which conflicted in whole or in part with the Ledford patents, so far as he had been able to ascertain them. The question, therefore, now is whether the petition as thus amended is sufficient. It must be remembered that the only land claimed by the petitioner, the only land which he claims the defendants had wrongfully and unlawfully and without right entered upon and detained, is land "not lying within any of the exclusions therefrom aforesaid," and therefore it is necessary to know what the exclusions are. The land he seeks to recover is land lying within the Ledford patent, but outside of the exclusions; that is, outside of all the prior patents. Now, in the amendment he states, as we have indicated, that he has included in the exhibit all the prior conflicting patents so far as he has been able to ascertain. But he goes on to scatter doubt by saying:

"Complainant says he cannot state with certainty that each of the patents contained in the said exhibit does actually conflict with the said Ledford, Smith & Skidmore patent; but from the best information he has, in the absence of an actual survey, he believes each of them does to some extent conflict with such patent. It is impossible * * * to state positively or accurately to what extent the said patents do so conflict, or that all of them conflict at all, without an actual survey, * * * such has been ordered * * * in this case, for 'these' reasons: That many of the * * * senior patents described in said exhibit 'are' found to conflict with each other, in some cases as many as three * * * will be found to overlap each other, and others are so indefinite in their descriptions that they will be held to be utterly void and not valid as supporting title senior to the title of the complainant; * * * but to what extent and in what numbers the senior patents * * * overlap each other, and to what extent and in what numbers they will be found to be void for uncertainty in the description, the complainant is unable to state positively until after the completion of the survey which has been ordered by the court in this case."

The amendment further states that the plaintiff files the exhibit as containing, to the best of his knowledge, information, and belief, a true list of the tracts of land which were meant and referred to as exclusions from the complainant's title to the said 86,000-acre tract; but there may be other tracts, not described in said exhibit, which will turn out to be found located within the 86,000-acre tract that are superior to it, or it may turn out that some of those described in the exhibit as senior will be found not to be senior or superior to the title of the

complainant. The indorsement by the plaintiff on the package of the prior patents, says:

"It must be understood however: (1) That it is not positively known that all of these patents are inside of Ledford, Skidmore & Smith patent No. 6,975. (2) That there may be others not known to me which upon an actual survey may be found inside. (3) The exact areas, boundaries, or locations of these patents cannot be determined without actual survey made upon the ground. The list is the best which can be produced from our present knowledge, but Mr. Davis will not be held bound for the completeness or accuracy of the list, or the areas excluded thereby."

We understand that the stringency of the old rule is somewhat relaxed, and "certum est quod certum reddi potest" (Glacier Mountain Silver Min. Co. v. Willis, 127 U. S. 471, 480, 8 Sup. Ct. 1214, 32 L. Ed. 172); but the trouble is that this amendment not only does not furnish the required information, but fails to point us where to get it. The natural method, in an action of ejectment, would have been to describe by metes and bounds the portion of the original patent which was sought to be recovered; but this could not be done without a survey, and no survey had been made. Therefore the method of exclusion was used. This was proper enough. Maxwell Land Grant Co. v. Dawson, 151 U. S. 586, 605, 14 Sup. Ct. 458, 38 L. Ed. 279, and the cases cited on the latter page. But, to locate definitely by the process of exclusion, it is necessary to describe accurately the exclusions. This cannot be done by the information contained in the amendment. The exhibit does not assume to set out a complete and accurate list of all the prior patents. It states that some may be missing, that others may be invalid, and that others may overlap, and it does not point out the patents to which these statements refer. The defendants are therefore left in doubt as to the extent of the exceptions, and, since the plaintiff seeks to recover all of the original patents outside of the exceptions, the petition as amended does not inform them of what the plaintiff charges them with wrongfully detaining and seeks to recover. Moreover, this lack of information leaves to the marshal or executive officer of the court, under the judgment, the need and power of determining a complete list of the prior patents, with their validity and location. He may determine whether a patent is within the boundaries of the original patent, whether it was prior and superior, whether it is valid, and the location of the land described by it. We do not believe that, under the law of Kentucky, such judicial power should be vested in the marshal. Farmer & Arnold v. Samuel, 4 Litt. 187, 193, 14 Am. Dec. 106. Therefore we hold the court erred in not requiring the petition, with the amendment, to be made more definite and certain.

The judgment of the lower court is reversed.