BARRETT et al. v. CRARY.

(Third Division. Valdez. February 10, 1912.)

No. 568.

MINES AND MINERALS (§ 38*)—PLEADING—DESCRIPTION OF CLAIM.
    In a complaint to recover possession of mining claims in
Alaska, the claims were described as lying on the head of a well-
known stream, "which claims are known as and called the 'Ora'
lode mining claim, the 'Nora' lode mining claim, and the 'Cop-
per' lode mining claim." On motion to require the complaint to
be made more definite and certain in the description of the
claims, *held*, if a lode mining claim in the locality mentioned
is known and called the "Ora," etc., it is described with suf-
ficient certainty to enable the possession thereof to be delivered
if the plaintiff prevails. If it is not shown to be so called and
known in that locality, the plaintiffs fail in their proofs.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent.
Dig. §§ 87½–113; Dec. Dig. § 38.*]

This matter is now before the court upon a motion to make
the complaint more definite and certain. The motion goes to
several of the allegations of the complaint; the only one of
which was urged by the defendant upon brief and argument
is that asking that the complaint more definitely describe the
lode claims, for the recovery of which suit is brought.

The property, as described in the complaint, is:

"Those certain lode mining claims, lying, being and situate near
the head of Porcupine creek, a branch of the Kuskulina river, in
the recording precinct of Chitina, in the district of Alaska, which
claims are known as, and called, the 'Ora' lode mining claim, the
'Nora' lode mining claim and the 'Copper' lode mining claim; the
location notices of said mining claims being duly recorded in the
office of the commissioner and recorder at Valdez, Alaska."

The statute of Alaska defining what the complaint in such
an action shall contain provides:

"The property shall be described with such certainty as to enable
the possession thereof to be delivered if a recovery be had." Sec-
tion 303, pt. 4, Carter's Codes.

Brown & Lyons, of Valdez, for plaintiffs.
Ostrander & Donohue, of Valdez, for defendant.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

CUSHMAN, District Judge. Defendant's counsel rely in support of their motion upon the following authorities: Tracy v. Harmon, 17 Mont. 465, 43 Pac. 500; Lindley on Mines, vol. 1, § 379, p. 694; Darger et al. v. Le Sieur, 8 Utah, 160, 30 Pac. 363; Darger et al. v. Le Sieur, 9 Utah, 192, 33 Pac. 701; Glacier Mt. Silver Min. Co. v. J. Frank Willis et al., 127 U. S. 480, 8 Sup. Ct. 1217, 32 L. Ed. 172.

Plaintiffs' counsel rely upon the following authorities: Glacier Mt. Silver Min. Co. v. J. Frank Willis et al., 127 U. S. 480, 8 Sup. Ct. 1217, 32 L. Ed. 172; Colorado Central Consolidated Min. Co. v. Turck, 50 Fed. 888, 2 C. C. A. 67.

Is the description in the complaint at bar insufficient to comply with the requirements of section 303? In Tracy v. Harmon, supra, the description was an impossible one, not an insufficient one. The section of Lindley on Mines cited has to do with the sufficiency of the location notice. In Darger v. Le Sieur the court decided that the location notice offered in evidence was insufficient, as the description of the claim was not made "with reference to some natural object or permanent monument." Upon a rehearing of this case the court concluded that the judgment reversing the lower court should also be upheld upon the ground that the description of the property in the complaint was insufficient. The description as set out in the first opinion is:

"Situated about five miles from the Denver & Rio Grande Railroad track, up what is known as 'Tie Canyon,' near the head of the right-hand fork, in Utah county, Utah territory, and said claim extends 300 feet on each side of the center of location, 400 feet running west, and 1,100 feet running east, from the monument thereon."

The complaint in the case at bar alleges that the claims for which suit is brought "are known and called the 'Ora,'" etc. In the foregoing cases, in which the sufficiency of the complaint was in question, there was no similar allegation. In the complaint "the premises may be sufficiently described by the particular name by which they are known." 15 Cyc. p. 93, and citations.

"The strict rule of pleading which formerly required exact accuracy in the description of premises sought to be recovered has,

in modern practice, been relaxed, and a general description of the property held to be good. The provisions of state statutes as to the description of the premises by metes and bounds have been held to be only directory, and a description by name where the property is well known, is often sufficient." Glacier Mt. Silver Min. Co. v. Willis, 127 U. S. 471, 480, 8 Sup. Ct. 1214, 1216 (32 L. Ed. 172).

"The declaration describes the land by a certain name, and this is as good a description as one by metes and bounds, if it can be rendered sufficiently certain by the evidence. The fact that the name (a Spanish one) can be translated into English so as to mean nothing does not alter or affect it potency as a name descriptive of a place." Castro v. Gill & Gill, 5 Cal. 40.

In that case the land sued for was described in the complaint as situate in the county of Contra Costa, known as the peninsula "Punta del Potrero."

In Hildreth et al. v. White, 66 Cal. 549, 6 Pac. 454, the complaint, describing the real estate as situate in Mendocino county, state of California, more particularly described as follows:

"Certain lands on the southwestern portion of the Round Valley Indian reservation, being the lands on which the house and corral known as 'McKay's Winter Quarters' is situated"—

was held sufficient; the court saying:

"A piece of real property known by some name may be sufficiently described by the use of the name. We apprehend that a deed containing the words, say, for example, 'the lands on which the Occidental Hotel, in San Francisco, is situated,' would contain a sufficient description."

"The property should be described, if practicable, by metes and bounds; but this is not essential. The provision of the statute on the subject is only directory; its object being to insure such particularity of description, as to enable the officer who may be charged with the execution of a judgment for the possession, to ascertain the locality and extent of the property. A description by name, where the property is well known, will often answer equally with the most minute description by metes and bounds." Beard v. Federy, 3 Wall. 478, 494 (18 L. Ed. 88).

If a lode mining claim in the locality mentioned is known and called the "Ora," it is described with sufficient certainty to enable the possession thereof to be delivered, if the plaintiffs prevail. If it is not shown, to be so called and known in that locality, the plaintiffs fail in their proof.

The motion is denied.