## VICTOR CASTRO, Respondent, v. JAMES M. GILL, and SETH GILL, Appellants.

The affidavit of jurors will not be allowed to contradict their verdict.

Where a declaration describes land by a certain name, this is as good a description as one by metes and bounds, if it can be rendered sufficiently certain by evidence.

The fact that a Spanish name can be translated into English so as to mean nothing, does not alter or affect its potency as a name descriptive of a place.

An objection that notice to quit is necessary, should be made at the trial at *nisi prius*.

A party's possession is not always confined to his actual enclosure.

The fact of prior possession being evidence of title, is not for a jury to determine; it is so declared by law.

Nor is it the province of a jury to determine whether a grant could fairly be presumed from a possession of a certain character.

APPEAL from the District Court of the Seventh Judicial District, County of Contra Costa.

Action brought for the possession of certain land, leased by plaintiff to defendant, James M. Gill, and described in the complaint as situate in the County of Contra Costa, known as the Peninsula, " *Punta del Potrero*," and bounded by a straight line constituting the base of said peninsula, and the low water mark of the shore, connecting the ends of said straight line and shore surrounding the peninsula.

At the trial, plaintiff proved his prior possession, the lease to defendants, and the unlawful detainer complained of.

Defendants' counsel requested the Court to instruct the jury—

First. "That if the jury believe that the plaintiff has a title by prior possession and without written title, he can only recover that portion which is included in the enclosure."

Second, "That it is only upon the ground that prior actual possession is proof that the party in such possession has a title to the land, that the plaintiff can recover in this suit; and it is for the jury to determine whether the fact of such prior possession, if proved, is sufficient evidence that he has title to the land."

Third, "That before the jury can render a verdict against the defendants upon the ground of prior possession of the premises by the plaintiff, they must be satisfied that the possession was of such a character, as from which a grant could fairly be presumed."

The Court refused these instructions, and the jury found for the plaintiff. It appears from the affidavits of the foreman, and three others of the jury, that the jury rendered a verdict which the Judge instructed them was informal; whereupon the jury retired, and returned with another verdict; the foreman stating to the Court, that if the second did not agree in spirit with the first, the jury asked leave to retire again and re-amend it. The Court pronounced the two verdicts the same in spirit, and the latter was recorded without further consultation of the jury. After such instruction, the jury were not asked if they had agreed upon their verdict, and did not announce to the Court that they had so agreed; and the affidavit stated that the verdict as recorded, was not the verdict as agreed upon by the jury.

For these reasons, and the refusal of the Court to give the instructions asked for, the defendants moved for a new trial. The Court denied the motion, and defendants appealed.

*Brown, Pratt, & Tracy*, for Appellants.

1. The judge misled the jury, and caused them to render a verdict essentially different from that which they intended.

Const. Cal., Art. VI, § 17. Raymond v. Bell, 18 Conn., 81. Blackley v. Sheldon, 7 Johns., 32. Root v. Sherwood, 6 ib., 67. Cro. Eliz., 779.

2. The complaint should have described the land by metes and bounds, and this defect is not remedied by a verdict in which the description is equally fatal.

Laws Cal., 1851, p. 59, § 58. Harrison v. Stevens, 12 Wend., 170. Battles v. Braintree, 14 Verm., 348. A verdict obviously imperfect and uncertain on its face, must be set aside. Ruggles v. Hall, 14 Johns., 112. Hayward v. Bennett, 3 Brev. 113. Brown v. Ferguson, 4 Leigh., 37. Harman v. Childers, 3 Serg., 327. Stearns v. Barrett, 1 Mason, 153. Richards v. Tabbs, 4 Carl., 522. Diehl v. Peters, 1 Serg. and R., 367. Sawyer v. Fitts, 4 Stew. & Porter, 365. Bear v. Snyder, 11 Wend, 592.

3. Defendants were entitled to notice to quit. This was neither alleged nor proved.

Laws Cal., 1850, ch. 95, p. 219. Preston on Abstracts of Title, vol. II, 25. 4 Kent Com., 112, 113, and cases cited.

4. The Court erred in refusing to instruct the jury as *first* requested. Leese *v.* Clarke, 3 Cal., 17. Jackson *v.* Schoonmaker, 2 Johns., 229.

5. The Court should have given the *second* and *third* instructions. Const. Cal., Ch. VI, § 17. Laws Cal., 1851, p. 76, § 165. Schauber *v.* Jackson, 2 Wend., 13.

For Respondent, *Campbell, Taylor & Beckh.*
No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court, MURRAY, C. J., concurred.

First, The record shows what is the verdict; and the affidavits of jurors will not be taken to contradict it. It is not shown otherwise by the record, that the Judge misinterpreted the first finding which the jury made.

Second, The declaration describes the land by a certain name, and this is as good a description as one by metes and bounds, if it can be rendered sufficiently certain by the evidence. The fact that the name (a Spanish one) can be translated into English so as to mean nothing, does not alter or affect its potency as a name descriptive of a place.

Third, Without deciding that notice to quit was necessary, it is a sufficient answer that the objection is too late; it should have been made upon the trial at *nisi prius.*

Fourth, The Court correctly refused the charge. A party's possession is not always confined to his actual enclosure. See Plume *v.* Leonard & Thompson, decided by this Court.

Fifth, The Court also correctly refused the charges mentioned in the fifth point. It is not for the jury to determine whether the fact of prior possession is evidence of title—it is so declared by law. Nor is it the province of the jury to determine that " the possession was of such a character as from which a grant could be fairly presumed."

There is no error in the record brought to our notice by the assignment, and the judgment is affirmed.