## WHITNEY & WOODS *v.* BUCKMAN.

Where a complaint in ejectment described the land thus : "All that certain tract or parcel of land situated in Napa county, consisting of a preëmption claim of one hundred and sixty acres of land, commonly known as the Soda Springs, and embracing said Springs and the improvements thereto belonging, and being about five miles from Napa city, in a northerly direction:" *Held*, that the description is sufficient to support a judgment for plaintiff.

Section fifty-eight of the Practice Act, that "in an action for the recovery of real property, such property shall be described, with its metes and bounds, in the complaint," is directory only, for a failure to comply with which the complaint is liable to a special demurrer; but if the complaint describes the premises sufficiently otherwise to identify them according to the general rules on this subject, the plaintiff may, after verdict, take judgment, and the Court cannot set it aside on motion of defendant, on account of this defect of pleading.

In this case, the Court below having set aside the verdict and judgment because the premises were not described "by metes and bounds," the Supreme Court reversed the order and directed judgment to be entered on the verdict for plaintiff.

Appeal from the Seventh District.

Ejectment for a tract of land described in the complaint as follows : "All that certain tract or parcel of land situated in said county of Napa, State of California, consisting of a preëmption claim of one hundred and sixty acres of land, and commonly known as the Soda Springs, and embracing said Springs and the improvements thereto belonging, and being about five miles from Napa city, in a northerly direction."

Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible and uncertain. There is nothing in the record showing that the demurrer was ever acted upon. Defendants subsequently answered, and after evidence on both sides, a verdict was rendered for plaintiffs, upon which they had judgment. Defendant moved for a new trial mainly upon the ground that the complaint did not contain a sufficient description of the premises to support the judgment. Judgment set aside, and new trial granted on the ground, as stated by the Judge below in his opinion, that the land was not described by "metes and bounds" as the statute requires. From the order granting a new trial plaintiffs appeal.

*William C. Wallace* and *B. C. Whitman*; for Appellants.

I. If the premises were defectively described, the point should have been raised by special demurrer. (Practice Act, secs. 41, 42; *Castro* v. *Gill*, 5 Cal. 40 ; *Doll* v. *Feller*, 16 Id. 432.)

II. The description was sufficient to support the verdict and judgment. (Cases above ; *United States* v. *Sutherland,* 19 How. 263 ; *Stanly* v. *Green*, 12 Cal. 432.)

*John Reynolds*, for Respondent, argued that the demurrer filed was sufficient to raise the question of the insufficiency of the description ; and that this Court will not interfere with the action of the Court below in setting aside the judgment, citing Practice Act, sec. 58 ; *Peters* v. *Foss*, 16 Cal. 357 ; *Weddle* v. *Stark*, 10 Id. 301 ; *Cappe* v. *Brizzolara, infra.*

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The verdict and judgment were set aside by the Judge below, upon the ground that the premises were not sufficiently described. The complaint describes the land sued for in this wise : "All that certain tract or parcel of land situated in Napa county, consisting of a preëmption claim of one hundred and sixty acres of land, and commonly known as the Soda Springs, and embracing said improvements thereto belonging, and being about five miles from Napa in a northerly direction." It is true, the statute requires the premises to be set out in the complaint by metes and bounds ; but this is only a directory provision, for a failure to comply with which the pleading is liable to a special demurrer. If the premises are described otherwise sufficiently to identify them according to the general rules on the subject, the plaintiff may, after verdict, take judgment, and the defendant cannot set it aside on motion, on account of this defect, any more than for any other defect of pleading on which a special cause of demurrer could be assigned. *Prima facie* the premises are sufficiently described to make the complaint a good foundation for a judgment, and the Court erred in setting aside the judgment for this cause.

Order reversed, and judgment to be entered on verdict for the plaintiffs.