[No. 8,654. Department Two.—March 31, 1885.]

R. M. HILDRETH ET AL., RESPONDENTS, v. GEORGE E. WHITE, APPELLANT.

EJECTMENT—DESCRIPTION BY KNOWN NAME— PLEADING.— A tract of land known by a particular name may be described by such name in the complaint in an action of ejectment.

ID.—COMPLAINT—ENTRY AND OUSTER.— A complaint in an action of eject-
ment, if otherwise sufficient, is not changed in character by alleging that
the entry and ouster were made willfully, fraudulently, maliciously, and
forcibly.
FINDING— CONFLICT OF EVIDENCE.— A finding will not be disturbed when
the evidence is conflicting.

APPEAL from a judgment of the Superior Court of Mendo-
cino County, and from an order refusing a new trial.

Action of ejectment. The facts are sufficiently stated in the
opinion of the court.

*L. D. Latimer,* and *Gillaspie & Hamilton,* for Appellant.

*J. A. Cooper,* for Respondents.

The description of the premises in controversy was sufficient.
(*Whitney* v. *Buckman,* 19 Cal. 300 ; *Castro* v. *Gill,* 5 Cal. 40 ;
*Stanley* v. *Green,* 12 Cal. 148 ; *People* v. *Leet,* 23 Cal. 163.)
The complaint was sufficient. (*Coryell* v. *Cain,* 16 Cal. 567.)

MYRICK, J.—1. The first point presented is, that the com-
plaint is radically defective as to the description of the real es-
tate sought to be recovered. The description contained in the
complaint is as follows :

" The following described real estate, situate in Mendocino
County, State of California, and more particularly described as
follows : Certain lands on the south-western portion of the
Round Valley Indian reservation, being the lands on which the
house and corral known as ' McKay's winter quarters ' is situat-
ed, and the lands enclosed by said corral, being about two acres
of land, more or less, together with said house and corral;
the said house being a one-story board shanty, situated in about
two hundred feet of said corral; the said corral being enclosed
partly by a picket and partly by a brush fence ; the said land,
corral, and house being all in township twenty-three north,
range thirteen west, Mount Diablo meridian."

We cannot say that an officer, having a writ of restitution,
could not find the property and deliver possession. A piece of
real property known by some name may be sufficiently described
by the use of the name. We apprehend that a deed containing
the words, say, for example, " the land on which the Occident-

al Hotel, in San Francisco, is situated," would contain a sufficient description.

2. It may be, as appellant suggests, hard to tell whether the plaintiffs' attorney intended the action to be ejectment or forcible entry; it seems to us, however, sufficient to justify its being treated as in-ejectment. Plaintiffs allege possession and right of possession in themselves on a day named, and that on that day defendant entered without right or title and ousted plaintiffs, and withholds the possession from plaintiffs. We do not see that the use of the words "willfully, fraudulently, maliciously and forcibly" detract from the character of the complaint as a complaint in ejectment.

3. The defendant did not deny that plaintiffs were in possession on the twenty-fourth of January, 1882, the day of the alleged ouster, and did not deny the withholding. The trial was had upon the question as to who had the right of possession. Upon this point the evidence was conflicting. One of the plaintiffs testified that when the plaintiffs took possession in 1880, the premises were vacant, portions of the corral fence were down, and the door of the shanty open, and hogs and cattle could go through. He also denied that the defendant ever had possession of the land before the plaintiffs. The testimony of the defendant was in conflict with this as to prior possession. The jury had the evidence to consider, and rendered a verdict for plaintiffs. We would not be justified in disturbing it.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.