[Civil No. 1148.    Filed April 2, 1910.]

[108 Pac. 482.]

VERONDA & RECOLETTO, Copartners, Defendants and Appellants, v. J. T. DOWDY, Plaintiff and Appellee.

1. MINES AND MINERALS—ADVERSE CLAIMS—DESCRIPTION OF PROPERTY. In ejectment to recover a mining claim, the complaint, alleging ownership of the claim, subject to the paramount title of the United States, properly describing it by name, giving the mining district, the county and territory where located, and the book and page where the location notice thereof is recorded in the office of the county recorder, sufficiently describes the claim, under the express provisions of Civil Code of 1901, paragraph 3249.

2. SAME—SAME—SAME.—A general description being sufficient, such a description is not defective because portions of the claim alleged to be unlawfully withheld are described as "lots 1 and 3 in block B and lot 3 in block A" of the claim, though there be no such legal subdivisions of a mining claim.

3. SAME—SAME—SAME.—Where premises are known by a particular name or designation, they may be sufficiently described by such name or designation in a complaint in ejectment.

**4. SAME—SAME.**—Where one has made a valid location on public land after discovery of mineral thereon, mere trespassers, making no claim to the ground under the public land laws, cannot oust him from possession by showing that the land is more valuable for some purpose other than mining.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for Yavapai County. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Ross & O'Sullivan, for Appellants.

Robt. E. Morrison, for Appellee.

CAMPBELL, J.—Appellee located a placer mining claim upon the unoccupied public lands of the United States. Thereafter appellants moved into and occupied some buildings situated within the limits of the claim. This action of ejectment was brought to recover possession of the premises and for rent.

Appellants complain of the overruling of their demurrer to the complaint, insisting that the description of the property is insufficient. The complaint alleges ownership of the mining claim, subject to the paramount title of the United States, properly describing it by name, giving the mining district, the county and territory where situated, and the book and page where the location notice thereof is recorded in the office of the county recorder. This is a sufficient description of a mining claim. Rev. Stats. 1901, par. 5249.

The particular portions of the claim, the possession of which is alleged to be unlawfully withheld, are described as being "lots 1 and 3 in block B and lot 3 in block A" of said claim, it is contended that, there being no such legal subdivisions of a mining claim, the description of the premises sought to be recovered is insufficient. It is sufficient to give a general description of the premises. *Barclay* v. *Howell*, 6 Pet. 498, 8 L. Ed. 477.

Where further particular description, by designations by which the premises are known and may be identified by proof, are given, it benefits, rather than prejudices, the defendant.

If such particular description should be held essential, the description here given is sufficient, since, where premises are known by a particular name or designation, they may be sufficiently described by such name or designation. *Castro* v. *Gill,* 5 Cal. 40; *Doll* v. *Feller,* 16 Cal. 432; *Hildreth* v. *White,* 66 Cal. 549, 6 Pac. 454; *Beard* v. *Federy,* 3 Wall. 478, 18 L. Ed. 88; 15 Cyc. 93. The demurrer was properly overruled.

Error is assigned that the trial court found against appellants' contention that the ground covered by the claim does not contain valuable mineral deposits, and counsel cite various decisions of the Land Department and of the courts bearing upon the rights of a mineral claimant as against persons claiming the land for other purposes. The authorities cited have no application to the facts of this case, but are confined to the rights of claimants of different classes claiming under the public land laws. Appellee made a valid location, after a discovery of mineral. The appellants, being mere trespassers, making no claim to the ground under the public land laws, cannot, by showing that the land is more valuable for some purpose other than mining, oust him from possession.

The judgment of the district court is affirmed.

KENT, C. J., and DOAN, LEWIS, and DOE, JJ., concur.