Argued April 16; affirmed September 15, 1942

# GRIFFITH ET AL. *v.* HANFORD ET AL.

(128 P. (2d) 947)

Before Kelly, Chief Justice, and Bailey, Lusk, Rand and Rossman, Associate Justices.

*W. T. Miller*, of Grants Pass, for appellants.
*A. E. Reames*, of Medford, for respondent.

ROSSMAN, J. This is an appeal from a judgment of dismissal entered by the circuit court after it had sustained a demurrer to the complaint and the plaintiffs had declined to plead further. The demurrer was predicated upon an assertion that the complaint failed

to state a cause of action. The plaintiffs' brief says: "This is an action of ejectment." The defendants' brief makes a like statement. We are satisfied that the parties have correctly described the nature of the action.

Section 8-203, O. C. L. A., in specifying the required contents of the complaint in an action of ejectment, states:

"The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had."

The complaint describes the property involved in this action thus:

"* * * that certain Quartz Mining Claim located in the Powell Creek Mining District, County of Josephine, State of Oregon, known as the Tip Top Quartz Claim, and described as follows, to-wit:

"Beginning at Corner No. 1, on west line of east ¼ of the Northeast quarter of the Northeast quarter of Section 20, Township 38 South, Range 5 West of the Willamette Meridian, running in a southeasterly direction 1500 feet to stake, then West 600 feet to stake, then in a Northwest direction 1500 feet to stake, then 600 feet East to starting point.

"The location notice of which Claim is recorded at page 578 of Volume 37, Mining Records of Josephine County, Oregon."

The first question presented by the demurrer is whether the sheriff of Josephine county with that description before him could identify the property and deliver possession of it to the plaintiffs in the event of their success in this action.

It will be observed that the foregoing description contains the following identifying facts: The property is owned by the plaintiffs; it is a quartz mining claim

known as the Tip Top Quartz Claim; it is located in the Powell Creek mining district of Josephine county; it is, in whole or in part, in the northeast quarter of Section 20, Township 38 South, Range 5 West; and one of its corners appears to be upon the west line of the northeast quarter of the tract just mentioned. Other identifying facts are also given in the complaint. We shall now discuss them.

The description says: "Beginning at Corner No. 1, on west line of east ¼ of the Northeast quarter of the Northeast quarter of Section 20, * * *." The term "east ¼" clearly is a misnomer. In the east half of the larger tract there are two quarters, a northeast and a southeast, but there is no part which can be accurately described as the "east ¼". Very likely "east ½" was intended. We revert to the words: "Beginning at Corner No. 1, on west line of * * *." The record seemingly gives no intimation as to what point on the west line is meant by the term "Corner No. 1." The parties cite no book, treatise or decision which defines the term "Corner No. 1" but we observe that the Manual of Instructions for the Survey of the Public Lands of the United States, Edition of 1930, compiled by the Department of the Interior, General Land Office, and printed by the Government Printing Office, employs that term in dealing with mineral surveys. Section 706, p. 422, of that volume says:

"In making the official survey, corner No. 1 of each location embraced in the claim will be established at the angle nearest the public survey corner or mineral monument to which connection is made. If connection is made both to a corner of the public survey and to a mineral monument, corner No. 1 should be placed nearest the corner of the public survey."

Section 710 says:

"From corner No. 1 the successive boundaries of each location will be run in regular manner, numbering the remaining corners in consecutive order."

We also observe that Rule 135 of the regulations promulgated by the Department of the Interior, General Land Office, April 11, 1922 (Circular No. 430), says:

"135. Corner No. 1 of each location embraced in a survey must be connected by course and distance with nearest corner of the public survey or with a United States location monument, if the claim lies within two miles of such corner or monument. If both are within the required distance, the connection must be with the corner of the public survey."

Rule 138 of the same promulgation says:

"138. In making an official survey, corner No. 1 of each location must be established at the corner nearest the corner of the public survey or location monument, unless good cause is shown for its being placed otherwise. If connections are given to both a corner of the public survey and location monument, corners Nos. 1 should be placed at the corner nearest the corner of the public survey."

The latter two rules are set forth in Morrison's Mining Rights, 16th ed., at pages 539 and 540. Clark on Surveying and Boundaries, 2d ed., pages 38 and 39, presents a method for identifying the corners and other points of a plat. One of his identifying terms is "Corner No. 1."

■ A description is sufficient if it will enable a competent surveyor to locate the property: Warvell on Ejectment, § 185; and *Security Savings & Trust Co. v. Ogden*, 123 Or. 370, 261 P. 69. Whether a surveyor,

through the use of the identifying terms of which we have just taken notice, could locate the contested mining claim, we do not know. Possibly other data is required to know at what point on the west line Corner No. 1 is located. But it may be that a surveyor could locate Corner No. 1 from the information given in the complaint. Be that as it may, we observe that the description also says that the property is "known as the Tip Top Quartz Claim."

■ In ejectment actions a description of property by its name generally suffices. A good illustration is *Barrett v. Crary*, 4 Alaska 483. The property involved in that action was a mining claim which, according to the complaint, was known as the "Ora." The statutory requirement concerning description in the complaint was precisely the same as ours. The descriptive material was less than that included in the complaint now before us. The cause was before the court upon a motion of the defendant to make the complaint more definite and certain. In denying the motion and in thereby sustaining the sufficiency of the description, the decision said:

> "If a lode mining claim in the locality mentioned is known and called the 'Ora,' it is described with sufficient certainty to enable the possession thereof to be delivered, if the plaintiffs prevail. If it is not shown to be so called and known in that locality, the plaintiffs fail in their proof."

From *Veronda & Recoletto v. Dowdy*, 13 Ariz. 265, 108 P. 482, we quote:

> "Appellants complain of the overruling of their demurrer to the complaint, insisting that the description of the property is insufficient. The complaint alleges ownership of the mining claim, subject to the paramount title of the United States,

properly describing it by name, giving the mining district, the county and territory where situated, and the book and page where the location notice thereof is recorded in the office of the county recorder. This is a sufficient description of a mining claim.''

It will be observed that the complaint now under attack contains all of the information present in the one just reviewed. Other decisions that warrant description by established name are *Maney v. Dennison*, 110 Ark. 571, 163 S. W. 783; *Hildreth v. White*, 66 Cal. 549, 6 P. 454; and *Castro v. Gill & Gill*, 5 Cal. 40.

 If the plaintiffs succeed in this case and it develops upon an attempted levy of the writ that there is no quartz mining claim in the Powell Creek mining district known as the Tip Top Quartz Claim, then that part of the description will fail the plaintiffs. We pause to observe, however, that to be known by that name it is not necessary that the name shall have established itself far and wide; if the claim is known generally by persons in the district as the Tip Top Quartz Claim, that will suffice. Freeman on Executions, 3d ed., § 281, at p. 1613. If the sheriff cannot locate the property through its name he will be compelled to fall back upon the other descriptive terms recited in the complaint. If they will not enable him to locate the tract, then the plaintiffs' judgment will be nonenforceable. We cannot, however, say at this point of the proceedings that the descriptions are ineffective. Both the one which makes use of the name and the other which resorts to metes and bounds are apparently sufficient. A description which is apparently certain suffices, for a court ''will not indulge in conjecture for the purpose of making doubtful or equivocal that

which seems to be definite." 19 C. J., Ejectment, § 115, p. 1106, and 28 C. J. S., Ejectment, § 62, p. 912.

■ We conclude that the description contained in the complaint was sufficient.

■■ The defendants attached to their demurrer a copy of the location notice which the plaintiffs filed pursuant to the requirements of § 108-302, O. C. L. A., and also a copy of the affidavit which the same section of our laws requires the locator to file after he has completed his exploratory work. The defendants contend that the notice fails to properly identify the vein or lode and that the affidavit does not show that the required exploratory work was done. Based upon those purported defects, they argue that the plaintiffs never gained title to the claim. The defendants seek to justify their resort to a speaking demurrer by quoting the following averment of the complaint: "* * * the location notice of which claim is recorded at page 578, of volume 37, Mining Records * * *" and by referring to *Steele v. Preble*, 158 Or. 641, 77 P. (2d) 418, and *Security Savings & Trust Co. v. Ogden*, 123 Or. 370, 261 P. 69. The location notice and affidavit are the documents which are recorded at the aforementioned volume and page of the mining records.

It is seen from the foregoing that the demurrer does not attack the description recited in the complaint, but the plaintiffs' muniments of title. It is well established that code pleading does not authorize the use of a speaking demurrer. Clark on Code Pleading, p. 353; *State ex rel. v. McClain*, 136 Or. 53, 298 P. 211. It is clear that the complaint's reference to the mining records did not include any part of them in the complaint.

 Both the Steele and the Security decisions were written in ejectment actions. In the Security case we sustained the sufficiency of a description recited in a complaint which referred to a decree of the circuit court by citation of the court journal. In the Steele case, in which the subject of the action was a mining claim, the description resorted to a citation of the mining records by volume and page. We sustained that description through reliance upon the Security decision. The defendants in the Steele case attacked not only the description in the complaint, but also the description recited in the location notice. In analyzing the second contention, we considered the descriptions given in the location notices. In so doing we used the words quoted in the brief of the present defendants. However, the location notices had been received in evidence and were a part of the record. In re-reading the Steele decision, we observe that we failed to make it clear that our consideration of the recitals in the location notices was confined to the issue as to whether or not the location notices were valid. We did not consider those recitals in determining the sufficiency of the descriptions mentioned in the complaint.

The location notice and the exploratory affidavit are not quoted in the complaint. The latter's reference to the mining records certainly did not incorporate any part of the latter into the complaint. As we have seen, speaking demurrers are foreign to our practice. The plaintiffs were not bound to plead their evidence of title—their muniments of title. *Smith v. Algona Lumber Co.*, 73 Or. 1, 136 P. 7, 143 P. 921; Clark on Code Pleading, 218; 19 C. J., Ejectment, § 116, p. 1109, and 28 C. J. S., Ejectment, § 63, p. 914. Nothing said in the Steele and the Security decisions can author-

ize us to go to the mining records and there examine the plaintiffs' muniments of title in an effort to determine whether or not their averments of title are true. We, therefore, conclude that we cannot consider the copies of the location notice and affidavit attached to the demurrer. We are satisfied that the plaintiffs' right to the mining claim mentioned in the complaint cannot be tested in the manner proposed by the defendants.

The defendants direct attention to the fact that the complaint says: ''The above-named defendants are in possession of the above-described mining claim and willfully withholding possession thereof from the plaintiffs * * *.'' But the complaint also says: ''The plaintiffs have been damaged by the wrongful withholding of said mining property by the defendants in the sum of * * *.'' An action of ejectment cannot be maintained unless the complaint avers that the defendant's possession is wrongful. (Section 8-203, O. C. L. A.) As the defendants point out, a willful act is not necessarily a wrongful act. The defendants invoke the rule of strict construction against the pleader when his pleading is attacked by demurrer. The codes, however, have supplanted that rule with one of liberal interpretation. Section 1-902, O. C. L. A., says:

''In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties.''

Clark on Code Pleading, p. 238, favors the test which, we believe, is the only practical one and which he states thus: ''fair notice to the opposing side and to the court.'' We are well satisfied that the second averment above quoted to the effect that the plain-

tiffs were damaged "by the wrongful withholding" of the defendants makes it clear that in the other paragraph "willfully" was used when "wrongfully" was intended. We find no merit in this contention.

The above disposes of all contentions submitted by the defendants. We have not mentioned all of the authorities cited in their brief, but all have received careful attention.

The judgment of the circuit court is reversed. Error was committed when the demurrer was sustained.