Argued October 4, affirmed November 8, 1977

# SPONSELLER, *Appellant,*
### *v.*
# MELTEBEKE, *Respondent.*
## (TC 76-6658, SC 25199)
### 570 P2d 974

John R. Teising, Eugene, argued the cause for appellant. With him on the briefs were Charles J. Huber and Hutchinson, Harrell, Cox & Teising, Eugene.

Randall E. Thwing, Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

LENT, J.

## LENT, J.

■ On December 29, 1976, plaintiff, the purchaser of a used house, brought this action for damages against the defendant, the builder-seller of the house, for breach of implied warranty and fraud. Defendant demurred to the complaint. The demurrer was sustained on a number of grounds. The breach of warranty action was held barred by the running of the 10-year statute of ultimate repose, ORS 12.135. In addition, the trial court held that neither the breach of warranty count nor the fraud count stated facts sufficient to constitute a cause of action. The former ruling was based on the doctrine of privity; the latter, on the fact, as stipulated by the plaintiff and defendant[1] in open court, that there was no *direct* representation made by the defendant to the plaintiff. When the plaintiff did not plead over, judgment was entered for the defendant. Plaintiff appeals, and we affirm.

The facts, as stated in the complaint, are as follows: On August 29, 1966, defendant sold the house in question, which defendant had recently constructed, to one John Herbert. Two years later Herbert sold the house to plaintiff. The footing and foundation inspections required by law were not made, and due to "adverse soil conditions" the foundation settled, causing damage to the house and fixtures. In addition, to support his fraud count, plaintiff alleged that defendant "represented to plaintiff, as purchaser of the house here involved, that all inspections as required by law had been properly performed."

■ In considering the sufficiency of a complaint upon demurrer, we must presume that plaintiff has stated

---

[1] Defendant's use of this stipulated fact in support of its demurrer comes perilously close to the forbidden "speaking demurrer." *See Griffith v. Hanford,* 169 Or 351, 358, 128 P2d 947 (1942); *Porter Const. Co. v. Berry, et al.,* 136 Or 80, 86, 298 P 179 (1931). However, since plaintiff judicially admitted the fact in question, he could not (and, in fact, did not) complain of its consideration in sustaining the demurrer. The practice, however, is not to be encouraged. It appears that resort to a motion for summary judgment would be more appropriate.

his case as strongly as the facts will permit, and the complaint must therefore be construed most strongly against the plaintiff. *Medford v. Pac. Nat'l. Fire Ins. Co.,* 189 Or 617, 628, 219 P2d 142, 222 P2d 407 (1950).

■ Plaintiff admitted in open court that defendant had made no *direct* representation to the plaintiff. The complaint states that defendant's representation that all inspections required by law had been performed was made to the plaintiff "as a purchaser of the house here involved." Construing this allegation, as we must, most strongly against the plaintiff, we find that it is not sufficient to express the intent required by law on the part of the defendant that his "indirect" representation, if one was in fact made, be communicated to the plaintiff. *Menefee v. Blitz,* 181 Or 100, 124-25, 179 P2d 550 (1947). Therefore, plaintiff's fraud count did not state facts sufficient to constitute a cause of action, and the trial court did not err in sustaining defendant's demurrer thereto.

Plaintiff's other count, for breach of warranty, requires more extensive consideration. In the landmark case of *Yepsen v. Burgess,* 269 Or 635, 641, 525 P2d 1019 (1974), we joined the growing number of jurisdictions which have recognized, in the sale of new houses by a builder-vendor, an implied warranty "that the house is constructed in a reasonably workmanlike manner and is fit for habitation."

In *Yepsen* we expressly reserved a number of questions which were not presented by that case but were inherent in any recognition of new rights and liabilities. One such question was that subsumed under the general heading of statute of limitations.

This question is squarely presented by the present case.

Defendant's demurrer was based in part on the application to the facts of this case of ORS 12.135, which states in pertinent part:

"(1) An action to recover damages for injuries * * *

to property arising from another person having performed the construction * * * of any improvement to real property * * * shall be commenced within two years from the the date of such injury to the * * * property; provided that such action shall be commenced within 10 years from the substantial completion of such construction * * *."

On the face of plaintiff's complaint, it appears that the house in question was substantially completed by August 29, 1966. The present complaint was filed on December 29, 1976, more than 10 years later. Thus, if ORS 12.135 is applicable, it bars plaintiff's action for breach of warranty.

Plaintiff asserts that it is ORS 72.7250, the UCC statute of limitations provisions for breach of warranty for the sale of personal property, which applies, not ORS 12.135. ORS 72.7250 states in pertinent part:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*" (emphasis added)

Plaintiff argues that since the warranty in this case "explicitly extends to future performance" and "the discovery of the breach must await the time of such performance," his cause of action accrued only upon his discovery of the defects complained of. The complaint indicates that the discovery occurred within four years of the filing of this action. On this basis plaintiff argues that he is within, rather than without, the statute of limitations period.[2]

---

[2] A possible alternate ground for the present holding, quite apart from the central issue of which statute of limitations is applicable to this case, is

■ For this argument, plaintiff relies mainly on the analogy drawn in *Yepsen,* which was used to justify the imposition of the implied warranty in that case:

"It is further explained that, although a house becomes a part of the realty according to the technical law of accession, the purchaser sees the transaction primarily as the purchase of a house with the land only as an incident thereto. Looked at in this light, there is no substantial difference between the sale of a house and the sale of goods and it follows, therefore, that the implied warranties of fitness for use attendant upon a sale of personal property should attach to a sale of a house." 269 Or at 640.

The use of this analogy in recognizing the implied warranty in *Yepsen* does not convert the house into personalty. A house is still an "improvement to real property" as that term is used in ORS 12.135, and that statute, therefore, applies.[3]

Plaintiff's action, filed more than 10 years after the substantial completion of the construction of the improvement in question, is barred by ORS 12.135. The trial court did not err in sustaining defendant's demurrer on this basis.[4]

Affirmed.

---

that even if ORS 72.7250 were held applicable, plaintiff's breach of warranty claim would be barred, since an *implied* warranty of fitness is *not* one which "*explicitly* extends to *future* performance." It is neither explicit nor future oriented but merely impliedly warrants the workmanship and fitness for habitation at the time of construction. The cause of action for breach of an implied warranty of fitness accrues at the time of delivery. *See Arrow Transportation Company v. Fruehauf Corporation,* 289 Fed Supp 170, 171 (1968). *See also* Annotation: Construction and Effect of UCC Article 2, Dealing With Sales, 17 ALR3d 1010, 1147-49, § 60(c) (1968 and Supp. 1977).

[3] There is another reason for rejecting the applicability of ORS 72.7250. The house is realty, not "goods." *See* ORS 72.1020, 72.1030(1)(m), and 72.1050.

[4] There are two important issues which we need not reach in deciding this case: whether a *Yepsen* implied warranty can be extended to protect a subsequent purchaser of the house not in privity with the builder-vendor and whether the liability imposed by a *Yepsen* warranty may be applied retroactively. As we said in *Yepsen,* resolution of these and other issues must await a proper case.