Argued and submitted June 18, reversed
remanded September 4, 1979

# PAUL,
*Appellant,*
*v.*
# KELLEY et ux,
*Respondents.*
## (No. 78 0965, CA   12964)

599 P2d 1236

Argued and submitted June 18, 1979.

Bart R. Anderson, Eugene, argued the cause for appellant. With him on the briefs was Wayne G. Helikson, Eugene.

Paul D. Clayton, Eugene, argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff, as assignee of the purchaser's interest in an earnest money receipt negotiated with defendants, brought an action in fraud seeking compensatory and punitive damages on the ground that defendants intentionally misled the plaintiff as to the value of the subject property. Plaintiff appeals from a judgment for defendants entered after the trial court had sustained a demurrer to the second amended complaint.

Plaintiff's second amended complaint alleges that defendants entered into an earnest money agreement to sell certain described property to Ponderosa Investment Co., and that plaintiff purchased Ponderosa's rights in the earnest money agreement. The complaint further alleges that plaintiff completed the transaction by paying the full purchase price, that at all material times defendants had known that the property had been sold for purposes of subdividing into three lots and that Ponderosa contemplated the sale of the lots to plaintiff or some other third person.

The complaint next alleges:

"That prior to the [original] transaction [between Ponderosa and defendants], the Defendants had been informed by the City of Springfield that the natural drainage ditch which traverses the lots in question must be replaced with a storm sewer if the ditch was to be filled in. Thereafter, but still prior to the [original] transaction, the Defendants caused the said ditch to be filled in. Prior to [the original transaction], and after the ditch had been filled in, the Defendants were requested by the City of Springfield to either open up the natural drainage ditch or to install a storm sewer. The Defendants knowingly and willfully failed to disclose to the Plaintiff the requirement that the ditch be reopened or storm sewers be installed. The Defendants knew that such condition of the property was not apparent.

"VI

"The Defendants intentionally misrepresented the condition of the property by actively concealing

[63]

the existence of the natural drainage ditch. This misrepresentation was made by the Defendants for the purpose of inducing the purchaser to sign the Earnest Money Receipt and also for the purpose of inducing the purchaser or assignee to waive a condition precedent to the Earnest Money Receipt. This condition precedent gives the purchaser or assignee the option of withdrawing from the sale if subdivision approval could not be obtained within 120 days of [the original transaction].

"VII

"The Defendants' act of filling in the natural drainage ditch constituted active concealment creating in the Plaintiff, as assignee to the Earnest Money Receipt, a right to rely on the Defendants' representation."

Finally the complaint alleges that the property was purchased in reliance upon defendants' misrepresentations, that at all times mentioned plaintiff was ignorant of the drainage problem and failed to discover the same until after paying and taking possession of the property, and that he sustained damages based upon engineering costs and diminution in market value.

Defendants filed a demurrer alleging that the complaint failed to state a cause of action, ORS 16.260(6), and in the attached memorandum of points and authorities raised essentially three arguments: (1) that plaintiff is a third party as to the original earnest money agreement and can recover in this deceit action only if it was intended by the defendants that plaintiff rely upon the alleged misrepresentation; (2) that assuming that silence or failure to disclose alleged facts can constitute a misrepresentation, the alleged silence or concealment only gives rise to a fraud action where there is a duty to speak; and (3) that the terms and allegations of the earnest money receipt and assignment specifically negate any claim of fraud or misrepresentation concerning the condition of the property. The trial court did not state its reasons for its ruling.

■ ■ We look first at the second contention listed in defendants' memorandum of points and authorities which challenges the very existence of a misrepresentation by contending that plaintiffs have not alleged that defendants had any duty to speak. Such a duty is not necessary. It is clear that a party need not make an affirmative statement in order to be liable in fraud. Silence or nondisclosure can be the basis for a fraud action. *Musgrave et ux v. Lucas et ux,* 193 Or 401, 410, 238 P2d 780 (1951). However, an active concealment such as the filling in of the ditch alleged in this case is to be distinguished from a simple nondisclosure. Restatement (Second) of Torts §§ 550, 551 (1977) states that nondisclosure is actionable where there is a duty to speak, but notes no such duty requirement where there has been an active concealment.[1] The distinction

---

[1] Section 550 of Restatement (Second) of Torts (1977) and its Comment state:

"§ 550. Liability for Fraudulent Concealment

One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.

"Comment:

a. The rule stated in this Section is commonly applied in two types of situations, although it is not limited to them. The first occurs when the defendant actively conceals a defect or other disadvantage in something that he is offering for sale to another. Thus a defendant is subject to liability for a fraudulent misrepresentation if he paints over and so conceals a defect in a chattel or a building that he is endeavoring to sell to the plaintiff, and thus induces the plaintiff to buy it in ignorance of its defective character. So also, he is subject to liability if he reads a contract to the plaintiff and omits a portion of it, or if he so stacks aluminum sheets that he is selling as to conceal defective sheets in the middle of the pile.

"Illustration:

1. A is seeking to sell to B a horse which is a crib-biter and a wind-sucker. In order to conceal these characteristics from B, A hitches the horse up short with its head raised so that it cannot bite its crib and suck wind. B inspects the horse and does not discover its defects. A is subject to liability to B."

is made clearer by Prosser's classification of active concealment with affirmative statements as follows:

"* * * Any words or acts which create a false impression covering up the truth, * * * or which remove an opportunity that might otherwise have led to the discovery of a material fact—as by floating a ship to conceal the defects in her bottom, * * * sending one who is in search of information in a direction where it cannot be obtained, * * * or even a false denial of knowledge by one in possession of the facts—* * * are classed as misrepresentations, no less than a verbal assurance that the fact is not true." (Footnotes omitted.) Prosser, Law of Torts, § 106, at 695 (4th ed 1971).

Prosser then discusses simple nondisclosure as a separate category, usually requiring a duty to speak before the silence will be actionable. Prosser at 695-99. Plaintiff's complaint sets forth facts alleging an active concealment of the drainage ditch and is sufficient without the assertion of a duty to speak.

■ Defendants' first contention does not acknowledge that this is a concealment case. Defendants contend that the complaint is insufficient because it neither shows that the alleged misrepresentation was communicated by one with authority nor that it was intended that plaintiff, a third party, should rely. This is not the sort of case where a misrepresentation is made by party A to party B then communicated to party C, raising the question whether A intended that C should rely. *Cf. Sponseller v. Meltebeke,* 280 Or 361, 570 P2d 974 (1977). Instead, the complaint alleges that defendants signed the earnest money agreement after

---

Section 551(1) of Restatement (Second) of Torts (1977) provides:

"§551. Liability for Nondisclosure

(1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question."

covering the drainage ditch and without disclosing its prior existence or the fact that it had to be reopened or replaced by storm sewers. The earnest money agreement, which was incorporated into the complaint by reference, allowed assignment of the buyer's rights[2] and the complaint alleged that defendants knew that Ponderosa contemplated selling the property. The document solemnizing the assignment of the earnest money agreement from Ponderosa to plaintiff is also incorporated into the complaint by reference and the complaint includes an allegation that it was plaintiff who paid defendant and closed the deal. Under the facts alleged, plaintiff was not a third party to the concealment, since defendants would have had an opportunity to disclose the facts about the drainage ditch to plaintiff before closing the deal.[3]

■ Finally, defendants contend that the incorporated allegations of the complaint specifically negate any misrepresentation concerning the condition of the property based upon any purported claim that defendants knew that the property was sold for subdivision purposes or that it was fit for subdivision purposes without additional costs.

Defendants rely on a provision in the earnest money agreement which states that the property is sold "in its present condition" to protect them from liability. We find that the citing of such a disclaimer as to the condition of the land, at least where an

[2] A clause in the earnest money agreement declaring buyer's rights to be nonassignable was crossed out by the original parties to the agreement.

[3] We note, however, that in *Handy v. Beck,* 282 Or 653, 581 P2d 68 (1978), relief was granted to a third party to the original concealment, the court stating

"The trial court found there was insufficient evidence to support a conclusion that the plaintiffs had relied on a misrepresentation conveyed to them. We believe that to require that proof was erroneous. The defendant had both failed to make the required disclosure in the filing and affirmatively concealed from the [original buyer] the truth about the well, thus creating a condition which injured the plaintiffs [purchasers from original buyer]. In the circumstances their right to recover was not dependent on a misrepresentation being conveyed to them." 282 Or at 665.

intentional concealment has been alleged, does not foreclose a trial on the merits. *Accord,* 37 Am Jur2d 525-26, § 338 (2968).

■   Defendants further contend that they are free from liability for any misrepresentation because of a condition precedent to buyer's obligation to complete the transaction in the earnest money agreement. This was a requirement of payment within 120 days, subject to approval by the city of purchaser's plans to partition the property. This is the same condition which plaintiff claims he was induced to waive in reliance on defendants' misrepresentation by paying in full. This condition, defendants argue, vitiates any claim by plaintiff that he had a right to rely on the property being suitable for subdivision purposes, apparently because the buyer would have a way out if the property were found not suitable. There is evidently an assumption here that the city would discover any defect when faced with the subdivision request. One who fraudulently conceals is not excused from the consequences of the concealment by the existence of a possibility that the concealed condition will be discovered prior to the occurrence of a condition precedent to the other party's obligation.

The complaint is sufficient to state a cause of action in fraud.

Reversed and remanded.